# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA BETH STERNAMAN, also known as
DEBORA BETH CURRY,

UNPUBLISHED
July 31, 2018

Plaintiff-Appellee,

v

No. 340722
Kalamazoo Circuit Court
LC No. 2014-007398-DM

EDWARD CARL STERNAMAN,

Defendant-Appellant.

Before: HOEKSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying his motion to change custody and parenting time. We affirm.

Defendant and plaintiff married in 2009, and they divorced in October 2015. The parties had two children during the marriage. Pursuant to a consent judgment of divorce, the parties received joint legal custody of the children. The judgment did not expressly award physical custody. Instead, the judgment provided both parties with "parenting time." Specifically, the judgment stated that defendant would have parenting time with the children (1) on alternating weekends from Friday at 7:30 a.m. until Monday morning at 7:30 a.m., (2) overnight every other Wednesday, and (3) every other Tuesday from 7:30 a.m. until 7:30 p.m. Plaintiff received "all other parenting time." The judgment of divorce also addressed holidays and provided both parties with weeklong "blocks of parenting time" during the year. In total, the parties agree that plaintiff received 240 overnights per year while defendant received 125 overnights per year.

In September 2016, defendant filed a motion to change custody and parenting time. Defendant requested "joint legal and joint physical custody" of the children with a 50/50 split of parenting time on an alternating week-on, week-off schedule. Defendant did not allege anything remotely resembling proper cause or a change in circumstances that would warrant changing custody under *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003). Instead, defendant took the position that his motion amounted to a request to modify parenting time under *Shade v Wright*, 291 Mich App 17, 28; 805 NW2d 1 (2010) and that it would be in the best interests of the children to spend more time with him. Although defendant requested an alternating-week parenting time schedule, at hearings relating to his motion he also stated that he would settle for one or two additional overnights per fortnight.

-1-

The hearing referee concluded that there was an established custodial environment with plaintiff and that defendant's request for additional parenting time was in effect a request to change custody. Finding no circumstances that would warrant revisiting custody under *Vodvarka*, the hearing referee recommended denial of defendant's motion. Defendant sought a de novo hearing before the trial court, and the trial court affirmed the referee's recommendation, concluding that defendant's requests for extra days would result in a change of custody which was not warranted under *Vodvarka*. Defendant now appeals as of right.

On appeal, defendant argues that an established custodial environment exists with both parents and that granting his request for additional time with the children would not alter the established custodial environment, meaning that the standards in *Shade*, not *Vodvarka*, apply. Under *Shade*, defendant contends that grounds for modifying parenting time exist because there have been changes to the children's circumstances, including the facts that the children are older, plaintiff has remarried, and plaintiff has had another baby. According to defendant, he should have been afforded an evidentiary hearing to present evidence showing that an established custodial environment exists with both parents and that modification of parenting time would be in the children's best interests. Defendant's arguments are without merit.

"All custody orders must be affirmed on appeal unless the circuit court's findings were against the great weight of the evidence, the circuit court committed a palpable abuse of discretion, or the circuit court made a clear legal error on a major issue." *Pierron v Pierron*, 282 Mich App 222, 242; 765 NW2d 345 (2009). "Under the great weight of the evidence standard, this Court should not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction." *Shade*, 291 Mich App at 21. "In child custody cases, [a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Id*. (quotation marks and citation omitted). "Clear legal error occurs when the trial court errs in its choice, interpretation, or application of the existing law." *Id*. (quotation marks and citation omitted).

"As set forth in MCL 722.27(1)(c), when seeking to modify a custody or a parenting-time order, the moving party must first establish proper cause or a change of circumstances before the court may proceed to an analysis of whether the requested modification is in the child's best interests." *Lieberman v Orr*, 319 Mich App 68, 81; 900 NW2d 130 (2017). The standards for this threshold showing—and the subsequent burden of proof for establishing that the proposed change is in the child's best interests[1]—differ depending on whether the moving party seeks to change custody or modify parenting time. See *id*. The standards applicable to a

---

[1] "In matters affecting custody, when the child has an established custodial environment with each parent, the movant must prove by clear and convincing evidence that the proposed change is in the best interests of the child." *Lieberman*, 319 Mich App at 83-84. "In a parenting-time matter, when the proposed change would not affect the established custodial environment, the movant must prove by a preponderance of the evidence that the change is in the best interests of the child." *Id*. at 84.

change of custody are set forth in *Vodvarka*, while the standards for modifying parenting time are described in *Shade*. *Id*. at 81. Notably, "although normal life changes typically are insufficient to establish the proper cause or change of circumstances required to proceed to consideration of a child custody order [under *Vodvarka*], such changes may be sufficient for a court to consider modification of a parenting-time order [under *Shade*] unless the requested change would alter the established custodial environment." *Id*. at 83.

Regardless of a party's label for the motion, if a proposed change in parenting time would alter an established custodial environment, then the *Vodvarka* framework is appropriate. *Id*. at 83, 86 n 9. In determining whether a proposed change to parenting time would alter an established custodial environment, an important consideration is to what extent the proposed change will decrease a parent's time with the child. *Id*. at 89-90. "Whereas minor modifications that leave a party's parenting time essentially intact do not change a child's established custodial environment, significant changes do." *Id*. (citations omitted). In other words, "a substantial modification of parenting time" that significantly reduces the amount of time that a parent with an established custodial environment spends with a child would alter the established custodial environment, and such a proposed change must be considered under *Vodvarka*. *Id*. at 89-91.

In this case, the dispositive question is whether defendant's proposed change constitutes a modification of parenting time or a change that would in effect modify an established custodial environment. In this regard, the undisputed evidence demonstrates that under the judgment of divorce, plaintiff has 240 overnights while defendant received 125. Under this arrangement, in a typical two week period, plaintiff has 10 overnights and defendant has four overnights with the children. The exact extent of defendant's proposed modification to this arrangement is something of a moving target. Initially, defendant sought a 50/50 split of parenting time under which each parent would have 7 nights per two week period. He later equivocated on that request, indicating that he would settle for an additional 1 or 2 overnights every two weeks, which would increase his overnights to 5 or 6 in a two week span while reducing plaintiff's overnights to 8 or 9.

Overall, plaintiff currently has almost twice as many overnights as defendant, and defendant's proposal is to bring the parties equal, or nearly equal, and to reduce plaintiff's parenting time days by a minimum of 26 to as many as 57½ per year. This is not a "minor modification[]" that leaves plaintiff's parenting time "essentially intact," *Lieberman*, 319 Mich App at 89-90, or "very close to the same number of parenting time days" that she enjoyed under the judgment of divorce, *Shade*, 291 Mich App at 27 n 3. Instead, what defendant actually proposes is a substantial increase in his number of overnights and a corresponding substantial reduction in plaintiff's overnights. Defendant does not dispute that the children have an established custodial environment with plaintiff,[2] and this significant change to plaintiff's

_____

[2] Defendant contends that there is an established custodial environment with *both* parents. But even if an established custodial environment also exists with defendant, changes that substantially reduce plaintiff's time with the children would cause a change in an established custodial environment. See *Lieberman*, 319 Mich App at 90, citing *Rains v Rains*, 301 Mich App 313, 321; 836 NW2d 709 (2013).

parenting time, regardless of defendant's label for his motion, would alter the children's established custodial environment with plaintiff.[3]  Compare *Lieberman*, 319 Mich App at 89-90, with *Shade*, 291 Mich App at 27 n 3.  Consequently, the trial court did not commit clear legal error by determining that the *Vodvarka* framework applies.

Under the *Vodvarka* framework, defendant cannot show proper cause or a change in circumstances that would allow the trial court to revisit custody, and thus the trial court did not abuse its discretion by denying defendant's motion.  See *Corporan v Henton*, 282 Mich App 599, 603-604 & n 2; 766 NW2d 903 (2009).  By defendant's own admission, he alleges nothing but normal life changes which arguably might be relevant under *Shade*, but which certainly do not provide grounds for revisiting custody under *Vodvarka*.  See *Lieberman*, 319 Mich App at 83.  In these circumstances, there is also no merit to defendant's argument that he was entitled to an evidentiary hearing.  That is, given that *Vodvarka* applies and that defendant has not alleged proper cause or a change in circumstances, there was no need for an evidentiary hearing under *Vodvarka*, 259 Mich App at 512, and the trial court was precluded from holding a custody hearing to consider the children's best interests, *id*. at 508-509; *Corporan*, 282 Mich App at 603-604 & n 2.  See also MCR 3.10(C)(8).  Accordingly, the trial court did not err by denying defendant's motion without holding an evidentiary hearing.

Affirmed.  Having prevailed in full, plaintiff may tax costs pursuant to MCR 7.219.


/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Jane E. Markey

---

[3] On appeal, defendant argues that because the judgment of divorce does not expressly award "physical custody" to either party it should be assumed that the parties received joint physical custody.  However, we need not decide this question because under a custody analysis or a parenting-time analysis resulting in a change to plaintiff's custodial environment, the *Vodvaraka* framework applies.  See *Lieberman*, 319 Mich App at 92.