SHADE v WRIGHT

Docket No. 296318. Submitted September 9, 2010, at Lansing. Decided December 2, 2010, at 9:00 a.m.

Plaintiff, Carolyn M. Shade, petitioned the Midland Circuit Court to modify the order of parenting time incorporated into the parties' November 29, 2006, judgment of divorce, which had allowed her to move with the minor child to Ohio, and defendant, Stuart N. Wright, Jr., filed a motion for change of custody, seeking to modify the same judgment. The judgment of divorce had incorporated the parties' agreement at the time that the child would live with plaintiff in Ohio and defendant would have parenting time of two weekends per month, eight weeks in summer, every Christmas break, and every spring break, with plaintiff responsible for all transportation at these times. Both parties became dissatisfied with the arrangement; plaintiff argued a change of circumstances warranted a change in parenting time and defendant sought sole physical custody of the child. After a hearing de novo on both motions, the court, Jonathan E. Lauderbach, J., denied defendant's motion for change of custody and modified the parenting time so defendant had visitation one extended weekend per month, the entire summer vacation except when that conflicted with the child's sports schedule, every other spring break, and every Christmas break as originally provided. The court ordered the parties to transport the child to exercise their respective parenting times. Defendant appealed, challenging only the part of the order modifying parenting time.

The Court of Appeals *held*:

1. The trial court was not bound by the parenting-time schedule in the judgment of divorce but was authorized to change the schedule if plaintiff established, by a preponderance of the evidence, that the change was in the child's best interests. Under MCL 722.27(1)(c), a court may modify or amend its previous parenting time order for proper cause shown or because of a change of circumstances. Although normal life changes are insufficient grounds to change a minor child's custodial environment, if a change in parenting time is not so significant that it results in a change in the minor child's custodial environment, then normal

life changes may constitute a change of circumstances sufficient to modify parenting time. The fact that the child had begun high school and sought to become more involved in social and extracurricular activities—normal life changes insufficient to warrant a change of custodial environment—constituted a change of circumstances sufficient to modify parenting time.

2. A trial court may order a change in parenting time if it finds the change is in the child's best interests. Both the statutory best-interest factors in the Child Custody Act, MCL 722.23, and the factors listed in the parenting-time statute, MCL 722.27a(6), are relevant to parenting time decisions, but the court must make findings on only the contested factors. The court's statements on the record were sufficient to establish that it found the change was in the child's best interests because it did not significantly alter the number of defendant's parenting time days and allowed the child to participate in social and extracurricular activities, as she desired. Enabling the change in parenting time by requiring the parties to transport the child to their respective parenting time was in the child's best interests.

Affirmed.

JANSEN, J., concurred in the result only.

1. PARENT AND CHILD — PARENTING TIME — CHANGES IN PARENTING TIME — PROPER CAUSE OR CHANGE OF CIRCUMSTANCES.

A court may modify or amend its previous parenting-time order for proper cause shown or because of a change of circumstances; although normal life changes are insufficient grounds to change a minor child's custodial environment, if a change in parenting time is not so significant that it results in a change in the minor child's custodial environment, then normal life changes may constitute a change of circumstances sufficient to modify parenting time (MCL 722.27[1][c]).

2. PARENT AND CHILD — PARENTING TIME — CHANGES IN PARENTING TIME — BEST INTERESTS OF THE CHILD.

A trial court may order a change in parenting time if it finds the change is in the child's best interests; both the statutory best-interest factors in the Child Custody Act and the factors listed in the parenting-time statute are relevant to parenting-time decisions, but the court must make findings on only the contested factors (MCL 722.23, MCL 722.27a[6]).

*Aleck & Jenkins* (by *Ghazey H. Aleck, II*) for Stuart N. Wright, Jr.

Before: BORRELLO, P.J., and JANSEN and BANDSTRA, JJ.

PER CURIAM. Defendant, Stuart N. Wright, Jr., appeals as of right an order granting the motion by plaintiff, Carolyn Shade, to modify parenting time with the parties' minor child.[1] For the reasons set forth in this opinion, we affirm.

I. RELEVANT FACTS AND PROCEDURAL HISTORY

The parties were married in December 1993; they had one child during the marriage. Plaintiff filed for divorce in September 2005. The parties agreed on a custody and parenting time arrangement that, in part, allowed plaintiff to move with the minor child from Midland, Michigan, to Ohio, and also established a parenting time schedule. The agreement provided that plaintiff would be responsible for all transportation of the child to visitation with defendant as long as the child's residence was more than 100 miles from defendant's residence. The parties' agreement regarding custody and parenting time was incorporated into the judgment of divorce, which was entered on November 29, 2006. The judgment of divorce provided that the parties would share joint legal and physical custody of the minor child, that plaintiff was permitted to move, with the minor child, to Ohio, and that defendant would have parenting time with the minor child two weekends per month, with plaintiff providing all transportation for the minor child to and from defendant's residence. The judgment of divorce also contained provisions regarding holiday parenting time and provided for eight weeks of summer parenting time for defendant, with plaintiff having parenting time every other weekend.

---

[1] The order also denied defendant's motion for change of custody, but defendant does not challenge this part of the order on appeal.

After the judgment of divorce was issued, however, both parties became dissatisfied with the custody and parenting time arrangement that they had agreed to and that had been incorporated into the judgment of divorce. In May 2008, plaintiff filed a petition to modify the order of parenting time, arguing that a change of circumstances warranted the change in parenting time. In December 2008, defendant filed a motion for change of custody, in which he sought sole physical custody of the child.

The trial court held a de novo hearing to consider the parties' competing motions. In an order entered November 30, 2009, the trial court denied defendant's motion for change of physical custody of the child, but it modified the parenting time schedule. Under the new parenting time schedule, defendant had parenting time with the child one extended weekend per month, defendant had parenting time for the entire summer, except during times when the child's sports schedule required her to be at plaintiff's home, and the parties were to equally share in the responsibility to transport the child to parenting time. By granting defendant parenting time for the entire summer, the trial court was attempting to provide defendant with the same number of days of parenting time that he should have been receiving under the parties' agreement. In denying defendant's motion for change of physical custody and modifying parenting time, the trial court did not, on the record or in its order, make explicit findings regarding the existence of proper cause or a change of circumstances or the best interests of the minor child.

Thereafter, defendant moved for reconsideration, and the trial court denied the motion. This appeal ensued.

## II. STANDARD OF REVIEW

"Orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against

the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Pickering v Pickering*, 268 Mich App 1, 5; 706 NW2d 835 (2005). Under the great weight of the evidence standard, this Court should not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction. *Rittershaus v Rittershaus*, 273 Mich App 462, 473; 730 NW2d 262 (2007). In child custody cases, "[a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). Clear legal error occurs "when the trial court errs in its choice, interpretation, or application of the existing law." *Shulick v Richards*, 273 Mich App 320, 323; 729 NW2d 533 (2006).

### III. ANALYSIS

#### A. LAW OF THE CASE

As a preliminary matter, we first address defendant's argument that the trial court was bound by the parenting time schedule in the judgment of divorce based on the law of the case doctrine. Whether the law of the case doctrine applies is a question of law that we review de novo. *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001). The law of the case doctrine provides that a question of law decided by an appellate court will not be decided differently on remand or in a subsequent appeal in the same case " 'where the facts remain materially the same.' " *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000), quoting *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981). According to defendant, the

court was bound by its implicit determination that the parenting time agreement reached by the parties was in the best interests of the minor child.

The law of the case doctrine does not prohibit the trial court's modification of parenting time in this case. First, a determination regarding a child's best interests is not a question of law, but a question of fact. Second, the original determination of parenting time and the child's best interests was made by the trial court (pursuant to the parties' agreement), not an appellate court. Third, the facts in this case are not materially the same because at the time of the original parenting time order, the minor child was not in high school, and now she is a freshman in high school, and her social and extracurricular schedule is much busier. For these reasons, we conclude that the law of the case doctrine does not apply.

### B. PROPER CAUSE OR CHANGE OF CIRCUMSTANCES

Defendant next argues that the trial court erred by changing parenting time without a showing of proper cause or a change of circumstances that would warrant such a change.

The term " '[c]hild-custody determination' means a judgment, decree, or other court order providing for legal custody, physical custody, *or parenting time* with respect to a child. Child-custody determination includes a permanent, temporary, initial, and modification order. . . ." MCL 722.1102(c) (emphasis added). Under MCL 722.27(1)(c), a trial court may "[m]odify or amend its previous judgments or orders for proper cause shown or because of change of circumstances . . . ." See also *Terry v Affum (On Remand)*, 237 Mich App 522, 534-535; 603 NW2d 788 (1999) (stating that a showing of proper cause or change of circumstances is required to

modify a parenting time order). A modification of such a judgment or order is only permissible when it is in the minor child's best interests. MCL 722.27(1)(c). When a modification would change the established custodial environment of a child, the moving party must show by clear and convincing evidence that it is in the child's best interest. *Pierron v Pierron*, 486 Mich 81, 92; 782 NW2d 480 (2010); MCL 722.27(1)(c). If the proposed change does not change the custodial environment, however, the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests. *Pierron*, 486 Mich at 93.

In *Vodvarka v Grasmeyer*, 259 Mich App 499; 512; 675 NW2d 847 (2003), this Court articulated the proper cause and change of circumstances sufficient to warrant a change of custody. According to the *Vodvarka* Court, "proper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Id.* at 511. Furthermore,

> to establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. When a movant has demonstrated such proper cause, the trial court can then engage in a reevaluation of the statutory best interest factors. [*Id.* at 512.]

We also in *Vodvarka* articulated the change of circumstances sufficient to warrant a change of custody:

[I]n order to establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. [*Id.* at 513-514.]

In her petition to modify parenting time, plaintiff did not assert that there was proper cause to warrant a change of parenting time, but she asserted that there was a "substantial change of circumstances" because after the judgment of divorce was entered, defendant began to live with Deann Delisle, who suffered from depression and chronic pain, and Delisle would care for and supervise the minor child while defendant was away for work, sometimes for 12 hours at a time. According to plaintiff's petition, Delisle would not allow the child to use the telephone, eat food in the home or drink soft drinks, and she accused the minor child of stealing $100 from her. The petition alleged that the minor child had expressed a desire to stop parenting time with defendant until alternative arrangements could be made for her care and supervision so that she could avoid extended stays with Delisle. The only other change of circumstance alleged by plaintiff was that the current parenting time schedule did not require defendant to contribute to transportation costs, and the cost of fuel had doubled.

At the de novo hearing, the only testimony offered by plaintiff was her own. Plaintiff testified that Delisle was no longer defendant's girlfriend. Regarding other

changes of circumstances, plaintiff testified that the minor child was now in high school and was growing up and that her school and extracurricular schedules were changing. According to plaintiff, the parenting time schedule precluded the minor child from participating in certain activities. Plaintiff also testified regarding the price of gasoline.

We find that plaintiff did not present sufficient evidence to establish a change of circumstances as defined in *Vodvarka*. At the hearing, evidence was presented that Delisle was no longer defendant's girlfriend; for obvious reasons, then, defendant's relationship and residence with Delisle was not a change of circumstances. Furthermore, the fact that the minor child was growing up and wanting to participate in more social and extracurricular activities does not constitute a sufficient change of circumstances under *Vodvarka* because such changes are "normal life changes . . . that occur during the life of a child" over time, and these changes are not sufficient under *Vodvarka* to constitute a change of circumstances warranting a change in custody. *Id.* at 513. In addition, such changes are not a condition surrounding custody of the child as required under *Vodvarka*. *Id.* Similarly, the price of gas is also not a condition surrounding custody of the child. *Id.*

Concluding that plaintiff's evidence regarding a change of circumstances is not sufficient to constitute a change of circumstances under *Vodvarka* does not end the inquiry in this case, however, and we conclude that the definitions of "proper cause" and "change of circumstances" from *Vodvarka* do not control the facts of this case because this case involves a modification of parenting time rather than a change in custody. *Vodvarka* was a custody case, and this Court's definitions of

"proper cause" and "change of circumstances" in *Vodvarka* specifically related to "the child's custodial situation" and "the conditions surrounding custody of the child." *Id.* at 511, 513. Furthermore, the definitions of "proper cause" and "change of circumstances" as articulated in *Vodvarka* are guided by the best interest factors in MCL 722.23(a) through (*l*), and do not take into account the parenting time factors in MCL 722.27a(6)(a) through (i).[2] We discern nothing in the *Vodvarka* opinion that requires the standards used to determine

---

[2] MCL 722.27a provides, in relevant part:

(6) The court may consider the following factors when determining the frequency, duration, and type of parenting time to be granted:

(a) The existence of any special circumstances or needs of the child.

(b) Whether the child is a nursing child less than 6 months of age, or less than 1 year of age if the child receives substantial nutrition through nursing.

(c) The reasonable likelihood of abuse or neglect of the child during parenting time.

(d) The reasonable likelihood of abuse of a parent resulting from the exercise of parenting time.

(e) The inconvenience to, and burdensome impact or effect on, the child of traveling for purposes of parenting time.

(f) Whether a parent can reasonably be expected to exercise parenting time in accordance with the court order.

(g) Whether a parent has frequently failed to exercise reasonable parenting time.

(h) The threatened or actual detention of the child with the intent to retain or conceal the child from the other parent or from a third person who has legal custody. A custodial parent's temporary residence with the child in a domestic violence shelter shall not be construed as evidence of the custodial parent's intent to retain or conceal the child from the other parent.

(i) Any other relevant factors.

the existence of proper cause or change of circumstances for custody determinations to apply to determinations regarding parenting time, absent a conclusion that a change in parenting time will result in a change in an established custodial environment. *Vodvarka*, 259 Mich App at 509. If a change in parenting time results in a change in the established custodial environment, then the *Vodvarka* framework is appropriate. See *id.* at 509; see also *Powery v Wells*, 278 Mich App 526, 528; 752 NW2d 47 (2008) (holding that a hearing is required when a modification of parenting time would change the established custodial environment). In this case, however, the trial court's modification of parenting time was not so significant that it resulted in a change in the minor child's custodial environment.[3] For rea-

[3] The judgment of divorce provided that defendant would have parenting time with the minor child for two weekends per month and eight weeks of summer parenting time, with plaintiff having parenting time every other weekend. Defendant also had parenting time every Christmas break and every spring break. The order modifying defendant's parenting time granted defendant parenting time with the minor child for one extended weekend per month during the school year, and for the entire summer, unless the child's sports schedule required her to be in plaintiff's home. The trial court granted defendant parenting time for every Christmas vacation, and ordered the parties to alternate spring breaks. The trial court stated that by effectively granting defendant parenting time for the entire summer, it was attempting "to provide him with the number of days that he should have gotten under the existing judgment of divorce which has proved unworkable." The trial court calculated that under the judgment of divorce, defendant received approximately 105 to 109 days of parenting time, whereas under the modified parenting time, defendant received approximately 100 days of parenting time. However, the trial court's calculation of the number of days of defendant's parenting time under the modified order did not take into account the fact that defendant was awarded parenting time for the entire break for every Christmas vacation. Therefore, the evidence shows that defendant received very close to the same number of parenting time days under the judgment of divorce and under the modified parenting time order. Thus, the modified parenting time did not affect the established custodial environment.

sons that will be explained below, we hold that a more expansive definition of "proper cause" or "change of circumstances" is appropriate for determinations regarding parenting time when a modification in parenting time does not alter the established custodial environment.

The *Vodvarka* definitions of "proper cause" and "change of circumstances" are inapplicable to this case, in part, because the rationale for imposing more stringent constructions on the terms "proper cause" and "change of circumstances" with respect to custody determinations is far less applicable with respect to parenting time determinations. With respect to child custody disputes, "[t]he goal of MCL 722.27 is to minimize unwarranted and disruptive changes of custody orders, except under the most compelling circumstances." *Corporan v Henton*, 282 Mich App 599, 603; 766 NW2d 903 (2009). "Providing a stable environment for children that is free of unwarranted custody changes . . . is a paramount purpose of the Child Custody Act . . . ." *Vodvarka*, 259 Mich App at 511. Therefore, in the context of a child custody dispute, the purpose of the proper cause or change of circumstances requirement is "to 'erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders.' " *Id.* at 509, quoting *Heid v AAASulewski (After Remand)*, 209 Mich App 587, 593-594; 532 NW2d 205 (1995).

Such concerns do not exist, however, when a modification of parenting time does not alter the established custodial environment because determinations regarding child custody and parenting time serve different purposes. Whereas the primary concern in child custody determinations is the stability of the child's environ-

ment and avoidance of unwarranted and disruptive custody changes, the focus of parenting time is to foster a strong relationship between the child and the child's parents. See MCL 722.27a. To that end,

> [p]arenting time shall be granted in accordance with the best interests of the child. It is presumed to be in the best interests of a child for the child to have a strong relationship with both of his or her parents. Except as otherwise provided in this section, parenting time shall be granted to a parent in a frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent granted parenting time. [MCL 722.27a(1).]

As noted above, MCL 722.27a(6) articulates factors that the trial court "may consider . . . when determining the frequency, duration, and type of parenting time to be granted[.]"

The facts of this case present circumstances which, under *Vodvarka,* would not, and should not, constitute a sufficient change of circumstances to warrant a change of custody. Simply put, the minor child in this case is growing up; she is a freshman in high school and her school and extracurricular schedules are changing. The existing parenting schedule precluded the minor child from participating in certain activities. These are the type of normal life changes that occur during a child's life and that do not warrant a change in the child's custodial environment. *Vodvarka,* 259 Mich App at 513. However, in this case, we find that, given the geographical distance between the parties and the time necessary to transport the minor child from Ohio to Michigan to permit defendant to exercise his parenting time, such changes do constitute proper cause or change of circumstances sufficient to modify parenting time to permit the child to engage in social activities and participate in extracurricular activities, so long as the

modification in parenting time does not affect the established custodial environment.

It is notable that the Michigan Parenting Time Guideline, promulgated by the State Court Administrative Office (SCAO) for use in the state's friend of the court offices, recognizes the need for flexibility in parenting time as a child grows older:

> As child(ren) grow, they are involved in different activities. As their developmental needs change, both parents need to be flexible with their parenting time schedule and allow room for adjustment. Because continuity in activities is important, parents must be willing to alter the parenting time schedule. [Friend of the Court Bureau, Mich Supreme Court, *Michigan Parenting Time Guideline* (Lansing: State Court Admin Office), p 21.]

The Michigan Parenting Time Guideline also recognizes that a minor child's age is a factor to consider in determining parenting time:

> The age of a child(ren) is an important factor in determining the frequency and duration of parenting time. Earlier in a child(ren)'s development, the child(ren) will need more frequent contact with each parent, but the duration of the contact should be shorter. As a child(ren) becomes older, the contact may become less frequent but of greater duration. When a child(ren) reaches school age, school and associated activities along with the age of the child(ren) will need to be considered. The practical implications of the developmental stages of a child(ren) may require that schedules, including joint custody schedules, be modified. [*Id.* at 24.]

Thus, the very normal life change factors that *Vodvarka* finds insufficient to justify a change in custodial environment are precisely the types of considerations that trial courts should take into account in making determinations regarding modification of parenting time. Therefore, we hold that, in a case where a

modification of parenting time does not alter the established custodial environment, the fact that a child has begun high school and seeks to become more involved in social and extracurricular activities (normal life changes that do not constitute a change of circumstances under *Vodvarka*) constitutes a change of circumstances sufficient to modify parenting time. In this regard, we note the fact that the parties in this case live in different states, requiring significant travelling time for the minor child to accommodate defendant's exercise of parenting time, is significant.[4] With our holding today, we do not seek to precisely define the proper cause or change of circumstances necessary to change parenting time. Our holding is limited to our conclusion that the normal life changes that occurred with the minor child in this case are sufficient to modify parenting time.

### C. BEST INTERESTS

Defendant next argues that the trial court erred in modifying parenting time without considering whether the change in parenting time was in the best interests of the minor child. The child's best interests govern a court's decision regarding parenting time. MCL 722.27a(1); *Deal v Deal*, 197 Mich App 739, 741; 496 NW2d 403 (1993). Both the statutory best interest factors in the Child Custody Act, MCL 722.23, and the factors listed in the parenting time statute, MCL 722.27a(6), are relevant to parenting time decisions. Custody decisions require findings under all of the best interest factors, but parenting time decisions may be

---

[4] In determining parenting time, the court may consider "[t]he inconvenience to, and burdensome impact or effect on, the child of traveling for purposes of parenting time." MCL 722.27a(6)(e).

made with findings on only the contested issues. *Hoffman v Hoffman*, 119 Mich App 79, 83; 326 NW2d 136 (1982).

In this case, the trial court did not explicitly address the best interest factors in MCL 722.23, nor did it need to because this modification of parenting time did not result in a change of custody. While the trial court did not explicitly address the factors in MCL 722.27a(6) in modifying defendant's parenting time, it was clear from the trial court's statements on the record that the trial court was considering the minor child's best interests in modifying defendant's parenting time. In *Powery*, 278 Mich App at 530-531, this Court recognized that the trial court's failure to explicitly state that modifying the existing custody order was in the child's best interests was not error because "such a finding can easily and clearly be drawn from the trial court's written opinion." *Id.* at 530. A finding that the modification in parenting time was in the child's best interests in this case can similarly be drawn from the trial court's statements on the record. The trial court chastised the parties on the record for making an agreement that was not in the best interests of the minor child. The trial court's modification of defendant's parenting time, which was minimal and did not significantly alter the number of defendant's parenting time days, was in the minor child's best interests because it allowed the child to participate in social activities and extracurricular activities in which she desired to participate in high school. Under these circumstances, we cannot conclude that the trial court made factual findings against the great weight of the evidence, committed a palpable abuse of discretion, or made a clear legal error on a major issue. *Pickering*, 268 Mich App at 5. Defendant is not entitled to relief on this issue.

### D. MEANINGFUL PARENTING TIME

Defendant finally argues that the modified parenting time order deprives him of a reasonable opportunity to parent. In the judgment of divorce, plaintiff was required to transport the minor child from Ohio to Michigan so that defendant could exercise his parenting time with the minor child, but the order modifying parenting time required each party to transport the minor child to exercise his or her own parenting time. According to defendant, requiring him to transport the minor child would jeopardize his job as a truck driver because federal motor safety regulations restrict his driving. Defendant further argues that there was no evidence presented that three-day weekends existed or that the parties could transport the minor child on those days. Defendant has cited little authority to support his position, and he has failed to adequately brief the merits of any alleged error; therefore, we decline to address this issue. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002). To the extent that the issue is preserved, we find that the trial court's order modifying parenting time and requiring the parties to transport the minor child to exercise their respective parenting time was based on a sufficient change of circumstances and was in the best interests of the minor child. Defendant's arguments in this regard are without merit.

Affirmed.

JANSEN, J. (*concurring in the result only*). I concur in the result only.