# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 23, 2018

Stephen J. Markman,
Chief Justice

157312-3

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

SUSAN REANEL LUDWIG,
      Plaintiff-Appellant,

v

                        SC: 157312-3
                        COA: 336938; 336978
                        Oakland CC: 2008-749066-DM

CRAIG COOPER LUDWIG,
      Defendant-Appellee.

_____/

      On order of the Court, the application for leave to appeal the December 12, 2017 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. In this case, the defendant's parenting time with the minor children was suspended in 2012. In January 2017, the Oakland Circuit Court ordered the defendant and the minor children to participate in a six-month reunification process. As part of this process, the circuit court's order first required the defendant and the children to participate in a reunification video conference under the in-person supervision of two therapists. The order provided that, following the initial video conference, the "frequency, duration, and method of continued contact will be at the therapists' discretion." The circuit court expressly held that its order did not constitute a modification of the defendant's parenting time. The Court of Appeals affirmed, agreeing with the circuit court that its order did not modify parenting time. We conclude that the circuit court should have held an evidentiary hearing and considered the best interests of the children before entering the reunification order. See MCL 722.27a(1); *Pierron v Pierron*, 486 Mich 81, 93 (2010); *Shade v Wright*, 291 Mich App 17, 31-32 (2010). The circuit court's order left up to the unfettered discretion of the therapists the "frequency, duration, and method" of any additional contact between the defendant and the children for a six-month period following the initial video conference. We are persuaded that the circumstances of this case warrant a hearing to determine whether the reunification process authorized by the circuit court's order is in the children's best interests. See MCL 722.27a(1). Accordingly, we REMAND this case to the Oakland Circuit Court to conduct an evidentiary hearing for this purpose.



      I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 23, 2018



t0516

                        Clerk