# STATE OF MICHIGAN

# COURT OF APPEALS

KELLY J. CORBETT,

      Plaintiff-Appellant,

v

SCOTT D. CORBETT,

      Defendant-Appellee.

UNPUBLISHED
October 9, 2018

No. 343404
Hillsdale Circuit Court
LC No. 15-000731-DM

Before: BOONSTRA, P.J., and O'CONNELL and TUKEL, JJ.

PER CURIAM.

Plaintiff, Kelly J. Corbett, appeals as of right the trial court's order modifying a parenting-time order and granting defendant, Scott D. Corbett, parenting time on an alternating weekly basis. Because the trial court did not make key findings before granting defendant's motion to modify parenting time, we reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

When the parties divorced in October 2016, the trial court gave the parties joint physical and legal custody of the child, who was then five months old, and set up an initial parenting-time schedule. One month later, when the child turned six months old, the new parenting-time schedule gave defendant alternating weekends, one weekday evening, and alternating weeks throughout the summer. In February 2018, defendant moved for modification of parenting time, seeking a permanent alternating weekly schedule. Over plaintiff's opposition, the trial court granted defendant's motion and modified parenting time to a week-on, week-off schedule.

## II. DISCUSSION

Plaintiff argues that the trial court erred by failing to make any findings of fact before granting defendant's motion to modify parenting time. We agree. This Court reviews a trial court's ruling on a motion for modification of parenting time for an abuse of discretion. *Diez v Davey*, 307 Mich App 366, 389; 861 NW2d 323 (2014). The trial court abuses its discretion when its decision "is outside the range of reasonable and principled outcomes." *Ewald v Ewald*, 292 Mich App 706, 715; 810 NW2d 396 (2011). This Court reviews the trial court's findings of fact using the great weight of the evidence standard, affirming those findings of fact "unless the evidence clearly preponderates in the opposite direction." *Fletcher v Fletcher*, 229 Mich App

19, 24; 581 NW2d 11 (1998). This Court reviews questions of law for clear legal error. *Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010). A trial court commits clear legal error when it "chooses, interprets, or applies the law incorrectly." *Diez*, 307 Mich App at 389.

The Child Custody Act, MCL 722.21 *et seq*., governs child custody and parenting-time disputes between parents. The purpose of the act is to promote the best interests of children, and it is to be liberally construed. MCL 722.26(1); *Frame v Nehls*, 452 Mich 171, 176; 550 NW2d 739 (1996). "Whereas the primary concern in child custody determinations is the stability of the child's environment and avoidance of unwarranted and disruptive custody changes, the focus of parenting time is to foster a strong relationship between the child and the child's parents."[1] *Shade*, 291 Mich App at 28-29.

Before modifying parenting time, the trial court must make several findings. The trial court may modify a previous parenting-time order for proper cause or because of changed circumstances if the modification serves the child's best interests. MCL 722.27(1)(c).

> When a modification would change the established custodial environment of a child, the moving party must show by clear and convincing evidence that it is in the child's best interest. If the proposed change does not change the custodial environment, however, the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests. [*Shade*, 291 Mich App at 23 (citations omitted)].

An established custodial environment exists "if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). Both the best-interest factors in the Child Custody Act, MCL 722.23, and the parenting-time factors, MCL 722.27a(7), are relevant to a parenting-time decision. *Shade*, 291 Mich App 31. A parenting-time decision requires findings only on the contested issues. *Id*. at 31-32.

This Court articulated standards for assessing whether proper cause or changed circumstances warranted a change in custody in *Vodvarka v Grasmeyer*, 259 Mich App 499, 509-515; 675 NW2d 847 (2003). In *Shade*, 291 Mich App at 26-27, this Court explained that *Vodvarka* controlled changes in custody, and the standards articulated in *Vodvarka* only apply to a change in parenting time if the modification of parenting time changes the child's established custodial environment. If the established custodial environment does not change as a result of the modification of parenting time, "a more expansive definition" of proper cause or changed circumstances should apply. *Shade*, 291 Mich App at 27-28.

In this case, the trial court failed to make findings on any of these issues. The trial court did not hold an evidentiary hearing. The trial court did not make findings about the established custodial environment, whether defendant's requested change in parenting time would alter the

---

[1] Defendant's repeated focus on the grant of joint custody in the judgment of divorce does not address this distinction between custody and parenting time.

-2-

established custodial environment, or whether the requested change served the child's best interests. The trial court did not address whether defendant established proper cause or changed circumstances. The trial court did not evaluate the child's best interests using any statutory factors. On remand, the trial court must follow the framework for ruling on a modification of parenting time and articulate its findings.[2]

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Peter D. O'Connell
/s/ Jonathan Tukel

---

[2] This case is a prime candidate for the Inevitable Remand Rule. See *Marik v Marik*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 333687) (O'CONNELL, J., concurring). The trial court made no pertinent findings when it granted defendant's motion to change parenting time. The Inevitable Remand Rule would have minimized the disruption to this young child's life resulting from this legal back-and-forth.