*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DIANNE MICHELLE ROBERTS,

Plaintiff-Appellee,

v

REUBEN ROBERTS,

Defendant-Appellant.

UNPUBLISHED
September 12, 2019

No. 347991
Oakland Circuit Court
Family Division
LC No. 2012-792134-DM

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

Defendant-father sought to modify custody and parenting time in relation to the two daughters he shares with plaintiff-mother. The circuit court correctly determined that defendant had not established a change of circumstances or proper cause to warrant such alteration. We affirm.

## I. BACKGROUND

The parties divorced in 2012 when their daughters were toddlers. During their separation, defendant became enraged with plaintiff in front of their young children because he found an unrelated male guest in the marital home.[1] As a result of this incident, plaintiff secured a personal protection order (PPO) against defendant and defendant consented to a divorce judgment awarding plaintiff sole physical and legal custody of the children while awarding defendant unspecified "reasonable parenting time."

Over the years, defendant repeatedly fell behind on his child support obligations, requiring court intervention. However, he has always remained gainfully employed. Defendant

---

[1] For the sake of completeness, we note that this visitor was not in the home for improper or romantic reasons.

eventually remarried, moved to Indiana for a short period, and now lives in Canton with his wife in a three-bedroom home. Plaintiff was a stay-at-home mother during the marriage and has struggled to find employment. She now lives with the girls in a one-bedroom apartment in Troy, where the children go to school. The children share the bedroom while plaintiff sleeps on the couch. In 2015, in response to plaintiff's denial of parenting time to defendant, defendant secured a court order to exercise parenting time on alternating weekends.

In February 2019, defendant sought to change the custody and parenting-time orders to secure joint, alternating week custody. In support of this motion, defendant cited his improved living conditions in comparison to plaintiff's decline in standard of living. He contended that since his remarriage, plaintiff had interfered with his ability to exercise parenting time, even after the court ordered specific visitation. Defendant further accused plaintiff of frequently leaving the children with relatives and babysitters to accommodate her social life.

The circuit court found no change in circumstances or proper cause to meddle with the standing custody and parenting time orders. Defendant now appeals.

II. ANALYSIS

Three different standards govern our review of a circuit court's decision in a child-custody dispute. We review findings of fact to determine if they are against the great weight of the evidence, we review discretionary decisions for an abuse of discretion, and we review questions of law for clear error. A clear legal error occurs when the circuit court incorrectly chooses, interprets, or applies the law. De novo review applies to underlying issues of statutory interpretation. [*Kubicki v Sharpe*, 306 Mich App 525, 538; 858 NW2d 57 (2014) (cleaned up)[2].]

In relation to the lower court's factual findings, we "will sustain the trial court's" rulings "unless the evidence clearly preponderates in the opposite direction." *Foskett v Foskett*, 247 Mich App 1, 4; 634 NW2d 363 (2001) (cleaned up).

The Child Custody Act of 1970, MCL 722.21 *et seq.*, governs child custody disputes. MCL 722.27(1)(c) permits a trial court to modify or amend a previous order concerning custody or parenting time "for proper cause shown or because of change of circumstances."

[T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of

---

[2] This opinion uses the new parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, Cleaning Up Quotations, 18 J App Pract & Process 143 (2017).

such magnitude to have a significant effect on the child's well-being. [*Vodvarka v Grasmeyer*, 259 Mich App 499, 511; 675 NW2d 847 (2003).]

> [T]o establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors. [*Id.* at 513-514.]

"If the movant does not establish proper cause or a change of circumstances, the trial court is prohibited from holding a child custody hearing." *Lieberman v Orr*, 319 Mich App 68, 82; 900 NW2d 130 (2017).

Generally, the *Vodvarka* standard is not applicable to motions to modify parenting time because a change in parenting time does not implicate the same concerns as a change in custody. See *Shade v Wright*, 291 Mich App 17, 28; 805 NW2d 1 (2010) ("The *Vodvarka* definitions of "proper cause" and "change of circumstances" are inapplicable to this case, in part, because the rationale for imposing more stringent constructions on the terms "proper cause" and "change of circumstances" with respect to custody determinations is far less applicable with respect to parenting time determinations."). However, the *Vodvarka* framework is applicable when a proposed change in parenting time would alter the children's established custodial environment.[3] *Id.* at 27. A critical factor to determine whether a proposed change to parenting time would alter the established custodial environment is the extent to which the proposed change will decrease a parent's time with the child. *Lieberman*, 319 Mich App at 90-91. Defendant sought to increase his parenting time from alternating weekends to alternating weeks, which would significantly alter the time spent by the children in their existing custodial environment with their mother. Accordingly, we may consider defendant's motions to modify custody and parenting time together under the same standard.

At the hearing on defendant's motions to change custody and parenting time, the court noted that the only "change" it perceived was plaintiff's move from a two-bedroom to a one-bedroom apartment. The court inquired about the children's sleeping arrangements. Upon learning that the children shared the 600-square-foot bedroom while plaintiff slept on the couch, the court determined that this move was insufficient to trigger reconsideration of the custody or

---

[3] The established custodial environment of a child is the environment in which "the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). Defendant does not dispute that the children's established custodial environment is with plaintiff.

parenting time orders. The court also opined that the plaintiff's reliance on babysitters did not amount to a change in circumstances or proper cause to revisit the custody issue, especially as defendant had exercised only 52 of his allotted 75 overnight visits over the past year.

Defendant raised the issue of the 2012 PPO entered against him by plaintiff and argued that his improved mental state and standard of living amounted to a change in circumstances. Defendant now contends that the circuit court focused too heavily on the 2012 PPO. Defendant's own argument necessitated this consideration. The circuit court rejected defendant's description of the 2012 incident as a "misunderstanding," emphasizing that defendant went "off the hook in the marital home in front of other people including your minor children." Defendant's remarriage and relocation to a three-bedroom home in Canton did not eliminate the prior condition. Ultimately, however, the incident leading to the 2012 PPO formed only a small portion of the court's analysis.

We note that if plaintiff continues to sporadically change the parenting time schedule or deny defendant his court-ordered time with his children, as alleged by defendant, he may petition the court for "makeup parenting time," MCL 552.642, or seek to have plaintiff held in contempt of court, MCL 552.644(2). *Ewald v Ewald*, 292 Mich App 706, 718; 810 NW2d 396 (2011). The circuit court's denial of defendant's motions do not leave him without recourse of plaintiff denies him "reasonable parenting time."

We affirm.

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly

-4-