*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARIO LOUIS CORSETTI,

        Plaintiff-Appellant,

v

LAUREN A. COHEN,

        Defendant-Appellee.

UNPUBLISHED
May 30, 2024

No. 368001
Oakland Circuit Court
LC No. 2019-877406-DP

Before: BORRELLO, P.J., and SWARTZLE and YOUNG, JJ.

PER CURIAM.

In this paternity action, plaintiff appeals as of right the trial court's ruling denying his motion to modify parenting time. For the reasons set forth in this opinion, we reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The parties were involved in a relatively brief dating relationship at one point but were never married. Plaintiff initiated this paternity action alleging that he was the father of defendant's child, who was born after the parties ended their dating relationship. Paternity testing was completed, and the trial court entered an order determining that plaintiff was the biological father of the child.

Eventually, a consent order was entered regarding custody and parenting time. Pursuant to this order, defendant was awarded sole legal custody and primary physical custody of the child, and plaintiff's parenting time was suspended until further order of the court.

As relevant to this appeal, defendant also obtained a personal protection order (PPO) against plaintiff[1] that prohibited him from, among other things, entering onto defendant's property,

---

[1] The PPO was obtained in a separate case number, but the same judge presided over both the PPO action and the instant paternity action.

assaulting or attacking defendant or the child, threatening to kill or physically injure defendant or the child, and removing the child from defendant "except as allowed by custody or parenting-time order provided removal of the children does not violate other conditions of this order."

On June 8, 2023, plaintiff filed a motion seeking a modification in parenting time to grant him specific parenting time. A hearing was held on July 12, 2023 to address the motion. The trial court ruled from the bench and denied plaintiff's motion because there was "a valid PPO, which prevents [plaintiff] from having contact with [his] child." The court further ruled that plaintiff could revisit the matter when the PPO expired in February 2025. The trial court explicitly ruled that the "PPO trumps . . . everything."

The trial court denied plaintiff's motion for reconsideration. Plaintiff now appeals.

## II. STANDARD OF REVIEW

"Orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." Under the great weight of the evidence standard, this Court should not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction. In child custody cases, "[a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." Clear legal error occurs "when the trial court errs in its choice, interpretation, or application of the existing law." [*Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010) (citations omitted; alteration in original).]

## III. ANALYSIS

As an initial matter, we must address defendant's argument that this Court is required to dismiss plaintiff's appeal because the trial court failed to enter a written order specifically memorializing its verbal order that was made on the record at the July 12, 2023 hearing. This Court has previously explained:

[I]t is a settled maxim that courts generally speak through their judgments and decrees, and not their oral statements or written opinions. However, there are circumstances in which "[a]n oral ruling has the same force and effect as a written order," as when, for example, an oral ruling clearly communicates the finality of the court's pronouncement. When assessing whether an oral ruling has equal effect to that of a written order, we consider whether the oral ruling contains indicia of formality and finality comparable to that of a written order. [*Arbor Farms, LLC v GeoStar Corp*, 305 Mich App 374, 387-388; 853 NW2d 421 (2014) (citations omitted).]

Here, it is evident from the hearing transcript that the trial court's denial of plaintiff's motion was the court's final pronouncement on the issue. We thus concluded that under these circumstances, the trial court's oral ruling had the effect of a written order. *Id*. We now turn to our review on the merits of the trial court's ruling.

"As set forth in MCL 722.27(1)(c), when seeking to modify a custody or a parenting-time order, the moving party must first establish proper cause or a change of circumstances before the court may proceed to an analysis of whether the requested modification is in the child's best interests." *Lieberman v Orr*, 319 Mich App 68, 81; 900 NW2d 130 (2017). The standard for defining "what constitutes proper cause or a change of circumstances under MCL 722.27(1)(c) will vary depending on the nature of the requested amendment or modification." *Kaeb v Kaeb*, 309 Mich App 556, 570; 873 NW2d 319 (2015).

"If the request involves a change that alters an established custodial environment, then the more stringent framework from [*Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003)] will apply." *Kaeb*, 309 Mich App at 570. Under *Vodvarka*, "proper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Vodvarka*, 259 Mich App at 511. Alternatively, establishing a "change of circumstances" under *Vodvarka* requires proof that since the last custody order was entered, the "conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id*. at 513. In making this showing, "the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child." *Id*. at 513-514.

However, if the request only involves a modification of parenting time that does not alter the established custodial environment, then "a more expansive definition of 'proper cause' or 'change of circumstances' is appropriate," under which normal life changes may properly be considered. *Shade*, 291 Mich App at 28-31. Finally, the standard is even less stringent and more flexible if the requested modification or amendment only involves "a condition on parenting time." *Kaeb*, 309 Mich App at 570-572.

"A court is not bound by what litigants choose to label their motions because this would exalt form over substance," and a court must instead "consider the gravamen of the complaint or motion based on a reading of the document as a whole." *Lieberman*, 319 Mich App at 77 n 4 (quotation marks and citation omitted). Hence, "[i]f a change in parenting time *results in a change in the established custodial environment*, then the *Vodvarka* framework is appropriate." *Shade*, 291 Mich App at 27 (emphasis added). "Whereas minor modifications that leave a party's parenting time essentially intact do not change a child's established custodial environment, significant changes do." *Lieberman*, 319 Mich App at 89-90 (citation omitted).

By its terms, the PPO recognized that the restrictions on custody and parenting-time could be modified by order of the court. Here, the trial court failed to address whether plaintiff made this threshold showing of proper cause or a change in circumstances before denying outright plaintiff's motion to modify parenting time. The trial court's complete failure to apply the proper legal framework to deciding plaintiff's motion constitutes a clear legal error on a major issue. *Shade*, 291 Mich App at 20-21. We therefore reverse the trial court's ruling and remand this matter for the trial court to decide plaintiff's motion under the proper legal framework.

Reversed and remanded.  We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Adrienne N. Young