*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JADE SEBASTIENE HAMILTON,

    Plaintiff-Counterdefendant-Appellant,

v

MICHAEL DAVID KRONBACK,

    Defendant-Counterplaintiff-Appellee.

UNPUBLISHED
January 15, 2026
2:47 PM

No. 374950
Livingston Circuit Court
LC No. 2021-055897-DZ

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

Plaintiff moved to modify the custody, parenting time, and child support order governing plaintiff and defendant's child after she learned of defendant's arrest for possession of cocaine. In its decision concerning defendant's objection to the referee's recommendation of mediation, the trial court denied plaintiff's motion, finding no proper cause or change in circumstances justified modification. Plaintiff then moved for the trial court to clarify its decision, and the trial court clarified that plaintiff's motion was denied in full. We affirm the trial court's decision.

## I. BACKGROUND

After plaintiff filed a complaint for child support, the trial court ordered joint legal custody and parenting time for defendant, including three weekends each month. About two and a half years after the trial court's order, plaintiff moved to modify custody, parenting time, and child support. In her motion, plaintiff argued that sole custody of the child was justified because of proper cause and changes in circumstances including the following: defendant's arrest and charge for possession of cocaine, defendant's charge for drunk driving, defendant driving with the child without legal ability to do so, defendant's refusal to participate in custody discussions, and defendant's last-minute changes in transportation plans.

In his response to plaintiff's motion, defendant admitted that he was convicted of operating a motor vehicle while intoxicated and use of a non-narcotic controlled substance, but that he was also participating in monitoring and treatment through sobriety court, health services, and counseling. Defendant admitted that he did not have a license, but argued that this was not a changed circumstance because he did not have the ability to drive when the previous custody order

-1-

was entered. Further, defendant responded that plaintiff was making unilateral decisions concerning the child, including the child's enrollment in school.

At an evidentiary hearing on the motion before a referee, plaintiff testified that every weekend, either defendant or a family member would pick the child up, and that she could not remember defendant missing any family time. Plaintiff believed that there were at least three different occasions where the child went with defendant's family during defendant's parenting time and defendant was not present because he was either in rehab or jail. Plaintiff thought that defendant drove with the child and without a license because she witnessed the child's car seat in defendant's vehicle. Further, plaintiff alleged that defendant called her derogatory names in front of the child. She also testified that defendant would not help pay for the child's extracurricular activities, but defendant would ask for the child's medical and school reports. Finally, plaintiff testified that the child was improving educationally and in speech therapy.

Defendant testified that his mother would sometimes pick the child up from plaintiff but that defendant would still see the child during the visits and assist him with speech therapy and school work. When defendant was arrested during his parenting time, defendant claims that the child did not witness the arrest because he was napping. When defendant was incarcerated, he ensured that his family provided care to the child during his parenting time and called the child when possible, never noticing a change with the child. And after his release, defendant was compliant with the sobriety court.

Defendant admitted that he was upset with the co-parenting situation, including plaintiff's moves with the child from Holly to Howell to Milan. But, defendant claimed that he never disparaged plaintiff while the child was present and that plaintiff and defendant amicably spent time together shortly before the hearing. As for unilateral decisions made by plaintiff, defendant did not object to plaintiff's choices and thought that plaintiff's choices for the child's therapy and schooling were appropriate. In addition to defendant's testimony, defendant's mother testified that she sometimes supervised the child and that defendant and the child were "great together."

After hearing the parties' testimony and arguments, the referee expressed concern regarding whether there was an established custodial environment with defendant and recommended mediation. Defendant then objected to the recommended mediation order, arguing that the referee erred by finding that no custodial environment existed between defendant and the child. The trial court then held a hearing regarding the defendant's objection to the referee's recommendation, where the parties reiterated their arguments. The trial court then informed the parties that it would review the referee hearing and then either issue a written or oral opinion.

The trial court issued a written opinion, finding that there was an established custodial environment with defendant and that plaintiff had not demonstrated proper cause or a change in circumstances justifying a modification. Plaintiff's motion to modify custody, parenting time, and child support was denied but the order for mediation was not rescinded. Plaintiff then moved to clarify the trial court's order; plaintiff expressed confusion as to whether the order denied her entire motion or just her request to modify custody, given that the court did not rescind the order for mediation. The court entered an order clarifying that plaintiff's entire motion was denied and rescinded the order for mediation. This appeal followed.

## II. ANALYSIS

### A. JURISDICTION

In this case, plaintiff appealed the order on her motion for clarification, not the order denying plaintiff's motion to modify custody, parenting time, and child support. The order on the custody modification is a final order, but it is unclear whether the clarification order is a final order. See MCR 7.202(6)(a)(iii); MCR 7.203(A)(1). If the clarification order is not a final order, the Court lacks jurisdiction as of right because plaintiff filed this appeal more than 21 days after the final order—the custody modification order. See MCR 7.204(A)(1). But, the Court may grant leave to appeal judgments or orders "when an appeal of right could have been taken but was not timely filed." MCR 7.203(B)(5). Given plaintiff's motion for clarification and defendant's failure to file a motion to dismiss this appeal, we will treat plaintiff's appeal as an application for leave to appeal and consider plaintiff's appeal as if by leave granted.

### B. CUSTODY

Plaintiff argues on appeal that the trial court erred by finding no proper cause or change in circumstances. The Court will affirm custody orders unless (1) the trial court committed a palpable abuse of discretion, (2) the trial court's findings of fact were against the great weight of the evidence, or (3) the trial court made a clear legal error on a major issue. *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). An abuse of discretion exists in a child custody case "when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Shade v Wright*, 291 Mich App 17, 21; 805 NW2d 1 (2010). Second, for the great weight of evidence, the "Court should not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction." *Id.* And third, "clear legal error occurs when the trial court errs in its choice, interpretation, or application of the existing law." *Id.* (cleaned up).

The trial court may modify a previous order or judgment only for proper cause or because of a change of circumstances; the modification must not change the child's established custodial environment "unless there is presented clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c). Proper cause includes "appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken," and the trial court may use the best-interest factors enumerated in MCL 722.23 for guidance. *Vodvarka v Grasmeyer*, 259 Mich App 499, 511; 675 NW2d 847 (2003). For change of circumstances, movant must prove that the conditions surrounding custody of the child have materially changed—more than normal life changes—since entry of the last custody order. *Id.* at 513. In addition, there must be some evidence that these material changes caused or will almost certainly cause "a significant effect on the child's well-being." *Id.*

The trial court did not make findings against the great weight of the evidence when it found that plaintiff had not established proper cause or changes in circumstances to justify modification. Plaintiff claimed that defendant's substance abuse and incarcerations constituted cause or change, but plaintiff did not introduce evidence on how defendant's substance abuse and incarcerations had or could have a significant effect on the child's life. Plaintiff testified that the child was improving in speech therapy and school, and plaintiff did not explain how defendant's

incarceration had a negative effect on the child. Further, defendant's substance abuse and incarceration were not likely to cause future significant changes in the child's life considering defendant's evidence that he was compliant with sobriety court.

Along with defendant's substance abuse and incarceration, plaintiff argued that defendant was unable to co-parent, did not assist in the child's medical and educational needs, and had disparaged plaintiff in the child's presence. Although unclear whether defendant disparaged plaintiff in the child's presence, defendant rebutted plaintiff's other assertions. Defendant testified that he helped the child with schoolwork and therapy. Further, defendant demonstrated that the parties could co-parent and make decisions about the child, despite the distance between the parties. Although plaintiff's relationship with defendant is far from ideal, the evidence introduced does not rise to the level of having a significant effect on the child's well-being.

As for the trial court's credibility determinations, plaintiff argues that the trial court erred by using the video of the referee hearing to make its determination. The trial court held a de novo hearing on this matter, and therefore did not need to defer to the referee's credibility determinations. MCL 552.507(4). MCR 3.215(F)(2) allows the trial court to conduct the judicial hearing by reviewing the record of the referee hearing, as long as the trial court allows the parties to present live evidence at the judicial hearing. The rule does not prohibit the trial court from using a video of the referee hearing. Further, such use was not objected to by plaintiff, even though the trial court informed the parties that it intended to review the referee hearing to make its decision. Based on the evidence the parties presented, the trial court's findings were not against the great weight of the evidence. The trial court did not abuse its discretion or commit error when it denied plaintiff's motion for modification.

## C. PARENTING TIME

Plaintiff further argues that the trial court erred when denying the portion of her motion regarding parenting time, specifically that the trial court erred by applying the standard from *Vodvarka*. Again, the trial court's decision will be affirmed unless the findings were against the great weight of the evidence, there was a palpable abuse of discretion, or there was a clear error. *Shade*, 291 Mich App at 20-21. If a party proposes a change in parenting time that would result in a change in the established custodial environment, then the trial court should apply the standard under *Vodvarka* for proper cause and change of circumstances. *Id.* at 25-28. "An established custodial environment exists if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." *Lieberman v Orr*, 319 Mich App 68, 81; 900 NW2d 130 (2017) (cleaned up). "The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered." MCL 722.27(1)(c).

Here, the trial court did not clearly err when finding that plaintiff's proposed modification to parenting time would result in a change in the custodial environment. Plaintiff requested in her modification motion sole custody and that defendant receive "limited, supervised parenting time" and for such time to occur at defendant's mother's house. Such proposed changes indicate a decrease in defendant's parenting time and a change in the physical environment, resulting in a change in the custodial environment. Therefore, the evidence did not preponderate against a change in established custodial environment as a result of the proposed changes, so the trial court

did not err by applying the *Vodvarka* standard to plaintiff's request for changes in parenting time. See *Shade*, 291 Mich App at 20-21, 27.

## III. CONCLUSION

After reviewing the trial court's record and the parties' arguments, the trial court did not err or abuse its discretion when it denied plaintiff's motion to modify custody, parenting time, and child support. Plaintiff did not prove that proper cause or changes in circumstances justified modification. Further, plaintiff's proposed modifications would have changed the child's custodial environment.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace