*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH HAAPALA,

      Plaintiff-Appellee,

v

RACHAEL PENEGOR,

      Defendant-Appellant.

UNPUBLISHED
June 29, 2026
2:38 PM

No. 369217
Ontonagon Circuit Court
LC No. 2020-000008-DM

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's order granting plaintiff parenting time with the parties' children every weekend. Because the trial court did not modify the parenting time or custody arrangements from the April 27, 2023 order, it was not required to consider any change in circumstances, proper cause, established custodial environment, or the best interests of the children. We affirm.

## I. BACKGROUND

Plaintiff and defendant had two minor children when they divorced in January 2021. Under the terms of the judgment of divorce, they were granted joint legal and physical custody. As for parenting time, it would be "as the parties agree[d]." If they did not agree, parenting time was "week on week off Sunday through Sunday[.]"

Plaintiff was then arrested, however, on charges of criminal sexual conduct. Following a motion from defendant, the court ordered supervised parenting time for plaintiff every other

---

[1] Although this Court denied defendant's delayed application for leave to appeal over a dissent, *Haapala v Pengar*, unpublished order of the Court of Appeals, entered on June 17, 2024 (Docket No. 369217), our Supreme Court remanded to this Court "for consideration as on leave granted." *Haapala v Penegor*, ___ Mich ___; 14 NW3d 406 (2024).

weekend, with weeknight parenting time as well. Eventually, the court removed the supervision requirement.

In October 2022, plaintiff pleaded no contest to attempted fourth-degree criminal sexual conduct, MCL 750.92 and MCL 750.520e(1)(a), and he moved the trial court to restore the original week-on/week-off parenting time schedule. The court held a hearing on this motion in February 2023, and it ordered a parenting time schedule in which plaintiff would have parenting time with the children every weekend. It entered an order memorializing its ruling on April 27, 2023. Even so, the parties continued to follow a schedule of every other weekend.

On May 4, 2023, plaintiff again moved to restore the original parenting time schedule. On July 13, 2023, the court held a hearing on this motion and, on July 28, 2023, it reaffirmed the terms of its April 27, 2023 order.

On appeal, defendant challenges this order.

II. ANALYSIS

Specifically, defendant contends that the trial court committed clear legal error when it increased plaintiff's parenting time from 78 overnights to 156 overnights, altering the children's established custodial environment without clear and convincing evidence that this increase was in the children's best interests. We disagree.

"This Court must affirm all custody orders unless the trial court's findings of fact were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). "Under the great weight of the evidence standard, this Court should not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction." *Shade v Wright*, 291 Mich App 17, 21; 805 NW2d 1 (2010). "In child custody cases, '[a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias.' " *Id.*, quoting *Berger*, 277 Mich App at 705. "Clear legal error occurs when the trial court errs in its choice, interpretation, or application of the existing law." *Id.* (quotation marks and citation omitted).

The Child Custody Act, MCL 722.21 *et seq.*, limits a trial court's power to modify orders regarding custody and parenting time, and a trial court is only required to consider whether the moving party has demonstrated a change in circumstances or proper cause when a custody order would be *modified*. *Barretta v Zhitkov*, 348 Mich App 539, 550-552; 19 NW3d 420 (2023). Specifically, MCL 722.27 governs custody awards. *Kessler v Kessler*, 295 Mich App 54, 60; 811 NW2d 39 (2011). MCL 722.27(1)(c) provides that a trial court may

> [m]odify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age and, subject to section 5b of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605b, until the child reaches 19 years and 6 months of age. The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there

is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

In this case, on April 27, 2023, the trial court ordered that plaintiff would have parenting time with the children every weekend. On July 28, 2023, the trial court held that it was enforcing the April 27, 2023 order and continuing to grant plaintiff parenting time with the children every weekend. Because the trial court did not order a modification or change of its April 27, 2023 order in it July 28, 2023 order, it was not required to consider the established custodial environment of the children, whether there was a change in circumstances or proper cause, or whether a change in parenting time was in the children's best interests.

Defendant, however, argues that the trial court's July 28, 2023 order modified the parties' parenting time. This purportedly occurred because the parties did not follow the schedule set forth in the April order since plaintiff was exercising parenting time every other weekend until the July hearing. Thus, defendant argues that because the parties had agreed that plaintiff would have the children every other weekend and the trial court increased plaintiff's parenting time by enforcing its April order that he have parenting time every weekend. But the Child Custody Act is concerned with changes to "previous judgments or orders," MCL 722.27(1)(c). See also *Barretta*, 348 Mich App at 551.

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Mark T. Boonstra
/s/ Anica Letica

-3-