*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SARAH R. KWEK, also known as SARAH R.
CLEVENGER,

      Plaintiff-Appellee,

v

MICHAEL L. KWEK,

      Defendant-Appellant.

UNPUBLISHED
February 5, 2019

No. 343934
Livingston Circuit Court
LC No. 15-049633-DM

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant-father appeals an order denying his requests to modify a parenting time schedule and to remove a right-of-first-refusal parenting time provision from the parties' judgment of divorce. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In July 2015, a consent judgment of divorce was entered granting defendant and plaintiff joint legal custody and "joint physical care, custody, and control" of their minor child, who at the time was about to start kindergarten. The judgment set forth a two-week parenting time schedule. For week one, defendant had the child on "[a]lternating Tuesdays at 9:00 a.m. until Thursday at 4:30 p.m. (during summer/if school is not in session). During the school year, [defendant] will deliver [the child] to school on Thursday morning and [plaintiff] will pick up [the child] from school on Thursdays." For week two, defendant would have "alternating Tuesdays at 9:00 a.m. until 8:00 p.m.; and alternating weekends from Fridays from 9:00 a.m. until Sunday at 8:00 p.m." Plaintiff received "all other parenting time." Holidays were alternated, and each year they were rotated. Christmas break and spring break were to be divided equally, and each parent was to receive two non-consecutive and uninterrupted weeks in the

summer. Both parties are nurses who work 8 to 12-hour shifts, and the divorce judgment included a right-of-first-refusal provision (the "RFR"),[1] which stated:

> Each party shall have the right of first refusal if they are going to be away from the minor child overnight OR for a twelve (12) hour work shift. If they will be away because of either of these, that parent must notify the other parent to offer them the first right of refusal for overnight parenting time. This is not available during holiday and school break parenting time.

In July 2017, plaintiff filed a motion seeking various forms of relief. Relevant to this appeal, she alleged that defendant had violated the RFR by working overnight shifts during his parenting time with the child without offering her the RFR, and she requested "make-up parenting time" days. Defendant subsequently filed a motion in September 2017 to modify parenting time so that he had parenting time, including overnights, every Tuesday, Thursday, and Saturday. He alleged that, approximately one year after entry of the divorce judgment, the child began having overnight visits with him on plaintiff's Tuesday nights due to plaintiff's work schedule, which resulted in his having overnight parenting time every Tuesday. However, plaintiff stopped these overnights after she filed her July 2017 motion. Defendant asserted that the child had grown accustomed to having parenting time with him every Tuesday night, and that this warranted revisiting the parenting time schedule. Additionally, defendant asked the court to remove the RFR condition, alleging that plaintiff was using it to harass him and that it was disruptive to the child's environment. According to defendant, plaintiff had violated HIPAA[2] privacy laws in an attempt to learn defendant's work schedule, motivated by her belief that defendant had been violating the RFR.

A referee conducted an evidentiary hearing, subsequent to which the referee recommended that the trial court deny both of defendant's requests.[3] Regarding defendant's motion to modify parenting time, the referee observed that defendant currently had 116 overnights per year, but sought 182.5 overnights. The referee determined that such a substantial increase in defendant's overnights and corresponding decrease in plaintiff's overnights would change the established custodial environment. Accordingly, the referee considered defendant's request as a motion to modify custody rather than parenting time and deemed it subject to analysis under *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003). The referee concluded that defendant had not shown the proper cause or a change in circumstances *Vodvarka* required to warrant revisiting a custody order. The referee further opined that even if she had

---

[1] "RFR" will signify both the right-of-first-refusal provision and the phrase, "right of first refusal."

[2] The Health Insurance Portability and Accountability Act, 29 USC 1181 *et seq*.

[3] The referee also heard evidence on defendant's alleged violation of the RFR. The referee found that defendant had in fact violated the RFR on numerous occasions and recommended granting plaintiff's motion for make-up parenting time. The trial court adopted the referee's recommendation. Defendant does not raise this issue on appeal, and we address it only to provide background and context for the arguments raised.

considered defendant's motion under the lesser standard set forth in *Shade v Wright*, 291 Mich App 17; 805 NW2d 1 (2010), for analysis of a motion to modify parenting time, defendant still had not shown proper cause or a change in circumstances. The referee concluded that defendant's bases for seeking modification—that defendant had obtained extra parenting time on Tuesday nights resulting from plaintiff's offering and his exercise of the RFR, that the child was older, and that communication between the parties had diminished after plaintiff filed her July 2017 motion—did not establish proper cause or a change of circumstances under either *Shade* or *Vodvarka*. For this reason, the referee recommended that the trial court deny defendant's request to modify parenting time. The referee likewise recommended denial of defendant's request to eliminate the RFR because defendant failed to show that it was unworkable.

Defendant objected to the referee's recommendation. At a hearing on his objections before the trial court, defendant stated that he had new evidence that had been unavailable at the time of the evidentiary hearing. The trial court permitted defendant to return to the referee and supplement the record with newly obtained evidence, which, as it turned out, related to defendant's alleged violations of the RFR. After the supplementary hearing, the referee's recommendation remained unchanged. Defendant objected again and, subsequent to another hearing before the trial court, the court issued an order expressly adopting the referee's recommendations and denying defendant's requests to modify parenting time and to remove the RFR.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We affirm parenting time orders on appeal unless "the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Shade*, 291 Mich App at 20-21 (quotation marks and citation omitted). Under the great weight of the evidence standard, we will not substitute our judgment on questions of fact "unless the facts clearly preponderate in the opposite direction." *Id*. at 21. "An abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Id*. (quotation marks and citation omitted). "Clear legal error occurs when the trial court errs in its choice, interpretation, or application of the existing law." *Id*. (quotation marks and citation omitted).

### B. MODIFICATION OF PARENTING TIME

Defendant first asserts that the trial court erroneously treated his motion to modify parenting time as a motion to change custody and analyzed it under *Vodvarka*'s stricter standard for establishing proper cause or a change in circumstances. He contends that the court should have employed the lesser standard set forth in *Shade* and that under *Shade's* standard, he established proper cause or a change of circumstances.

Ordinarily, when a party seeks a change in custody, the party must first show by a preponderance of the evidence that either proper cause or a change of circumstances has occurred to warrant the change. *Vodvarka*, 259 Mich App at 508-509; MCL 722.21(1)(c).

-3-

*Vodvarka*, 259 Mich App at 509-514, addresses the standards for showing proper cause or a change in circumstances relative to a request to modify custody, while *Shade*, 291 Mich App at 28-30, addresses the standards for showing proper cause or a change in circumstances relative to a request to modify parenting time.

To establish proper cause under *Vodvarka*, the movant "must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court." *Vodvarka*, 259 Mich App at 512. The ground should be relevant to at least one of the statutory best-interest factors and of such magnitude as "to have a significant effect on the child's well-being." *Id*. To establish a change in circumstances under *Vodvarka*, the movant "must prove that, since entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed." *Id*. at 513-514. "[T]he evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child . . . ." *Id*. at 514. Under *Shade*, however, normal life changes can constitute proper cause or a change in circumstances sufficient to warrant revisiting a parenting-time order. *Shade*, 291 Mich App at 30. Nevertheless, "[i]f a change in parenting time results in a change in an established custodial environment, then the *Vodvarka* framework is appropriate." *Id*. at 27. "The established custodial environment is the environment in which 'over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort.'" *Pierron v Pierron*, 486 Mich 81, 85-86; 782 NW2d 480 (2010), quoting MCL 722.27(1)(c).

Defendant contends on appeal that he met *Shade's* requirements for proper cause or changed circumstances by showing that the minor child is growing up, is engaged in extracurricular activities, and spent overnights with him on most Tuesdays for nearly nine months due to plaintiff's work schedule. Defendant suggests that modification of the parenting-time schedule is in the best interest of the child because the child loves him and experiences stability with him, and because the proposed modifications will result in less "back and forth" for the child. We disagree. [4]

First, the fact that plaintiff offered defendant the RFR for numerous Tuesday overnights over the course of approximately nine months does not support defendant's position that a change of circumstances or proper cause has arisen. The referee concluded that it would be improper to hold plaintiff's compliance with a valid provision in the judgment of the divorce

---

[4] The referee opined that the sheer extent of defendant's requested modifications to parenting time would impact the child's established custodial environment, and thus, she analyzed defendant's request under *Vodvarka*. Defendant contends that in this joint custody situation, both parties had an established custodial environment, and thus, the proposed change would not affect the child's established custodial environment with both parents. Given that the referee also analyzed defendant's request using the *Shade* framework, and because defendant has failed to meet the easier *Shade* standard under the circumstances, we need not weigh in on whether the higher standard applies to defendant's requested modification.

against her in an action to modify parenting time; to hold otherwise would penalize plaintiff, and other parents, for following the provisions of a judgment of divorce, and it would generally discourage parents from permitting any additional parenting time to the other parent outside the court's orders. We similarly conclude that following the RFR under the circumstances presented did not constitute a change of circumstances or proper cause under *Shade*, it merely maintained the status quo effectuated by the consent judgment of divorce.

Next, the child's "growing up" in this instance meant progressing from kindergarten to second grade. Her extracurricular activities entailed enrolling in swimming and gymnastics classes; defendant's complaint was that he wanted to attend the classes, not that parenting time was now interfering with the child's ability to participate in certain activities. In *Shade*, the parties lived in different states, which required extensive travel to accommodate the exercise of parenting time. *Shade*, 291 Mich App at 31. This Court held that normal life changes were sufficient to support a modification of parenting time because the existing schedule and distance between the parents' homes prohibited the high-school-aged child from her desired engagement in social and extracurricular activities. *Id*. Of note, the Court held that "we do not seek to precisely define the proper cause or change of circumstances necessary to change parenting time. Our holding is limited to our conclusion that the normal life changes that occurred with the minor child in this case are sufficient to modify parenting time." *Id*. at 31. Analogous factors are missing from the present case. Here, there has been no discernible change in circumstances, other than minor progressions in a grade-school-aged child. There is no evidence that the existing parenting-time schedule to which defendant agreed at the time of his divorce is no longer in the best interests of the child or has in any way affected defendant's strong relationship with the child. See MCL 722.27a(1). Thus, because proper cause or a change of circumstances is not precisely defined in a parenting-time situation, and because the changes in the child's age and activities in this instance are so minor, we conclude that the trial court's finding that defendant failed to meet the *Shade* standard was not against the great weight of the evidence. *Shade*, 291 Mich at 20-21.

Finally, to the extent defendant implies that plaintiff's working nights provides proper cause for a change in parenting time, we observe that defendant also works nights. The record indicates that both parties seem to manage their work schedules incredibly well. Despite inconsistent scheduling, each party is able to request what hours they would like to work and, in instances where their shifts fall onto parenting time days, arrange for appropriate substitute childcare. For all of these reasons, we conclude that defendant has not met his burden under *Shade* to prove proper cause or a change in circumstances sufficient to modify parenting time and the trial court did not err by denying his motion.

## C. REMOVAL OF THE RIGHT OF FIRST REFUSAL

Defendant next asserts that the trial court erred in denying his request to modify the divorce judgment to remove the RFR. He contends that plaintiff has used the RFR to harass him, that its existence has caused a breakdown in the parties' communication and ability to co-parent, and that the cost of litigating the RFR has risen to the level that the RFR is no longer in the child's interests. We disagree.

To change an existing condition on the exercise of parenting time, the moving party "must demonstrate proper cause or a change of circumstances that would justify a trial court's determination that the condition in its current form no longer serves the child's best interests." *Kaeb v Kaeb*, 309 Mich App 556, 571-572; 873 NW2d 319 (2015). The standards espoused in *Vodvarka* and *Shade* do not apply. *Id*. at 570. Rather, "a lesser, more flexible, understanding of 'proper cause' or 'change in circumstances' should apply to a request to modify or amend a condition on parenting time." *Id*. at 570-571. Under this standard, "even normal changes to the lives of the parties affected by a parenting-time order may so alter the circumstances attending the initial imposition of a condition that a trial court would be justified in revisiting the propriety of the condition." *Id*. at 571. In contrast to the *Vodvarka* standard, in this context " 'proper cause' should be construed according to its ordinary understanding when applied to a request to change a condition on parenting time; that is, a party establishes proper cause to revisit the condition if he or she demonstrates that there is an appropriate ground for taking legal action." *Id*.

From our review of the record, it appears that the mere existence of the RFR is not necessarily a source of contention. The source of contention appears to be plaintiff's attempt to enforce defendant's compliance with the provision. Defendant testified that communication between him and plaintiff had been "great" for the first two years after entry of the judgment of divorce. The record shows that, because of her work schedule, plaintiff offered, and defendant exercised, the RFR on Tuesday nights for nearly nine months in 2017. Thus, the RFR appears to have worked as intended, namely, to ensure that if one of the parents is away from the child either overnight or for an extended period of time, e.g., a 12-hour work shift, the child will still receive childcare from a parent.[5]

According to defendant, the parties' communications soured after plaintiff filed her July 2017 motion, a motion based in part on her belief that defendant was not complying with the RFR.[6] As it turned out, the referee concluded that she was correct. The referee found that defendant had violated the RFR on numerous occasions, and defendant does not dispute this finding on appeal. Nevertheless, defendant testified that even after plaintiff filed her motion, which caused him "confusion" as to why she was involving the court system in the issue, the

---

[5] The only extent to which it appears not to have worked is in defendant's decisions not to honor the RFR in circumstances when he was required to offer overnights to plaintiff.

[6] Defendant's claim of harassment by plaintiff relates to her efforts to obtain his work schedule in order to determine whether he was complying with the RFR. One of the measures to which plaintiff resorted was looking at patient records to determine whether defendant was at work on a treatment team when he was supposed to be exercising parenting time. In so doing, plaintiff violated HIPAA privacy laws, which violation plaintiff acknowledged and for which she was disciplined. Defendant contends that plaintiff's violation provides another reason for eliminating the RFR. Violating federal privacy laws and risking the loss of her employment was certainly not in the minor child's best interests. Plaintiff's conduct was illegal, and we in no way condone it. We point out, however, that her actions did not taint the RFR or its purpose in serving the child's best interests.

parties were still able to exchange the child without issue and to adequately communicate to each other essential information about the child. Thus, defendant failed to show that any diminishment in the parties' communication quality and ability to co-parent outweighed the provision's benefit to the child or necessitated the court's intervention. See *Kaeb*, 309 Mich App at 571-572.

Defendant's third reason for seeking to remove the RFR from the divorce judgement relates to the associated expenses incurred due to litigation over enforcement of the RFR. Doing away with the provision would indeed do away with related litigation costs, but so would compliance with the provision, and compliance would maintain the RFR's intended benefits to the child. In short, defendant has not "demonstrate[d] proper cause or a change of circumstances that would justify a trial court's determination that the [RFR] condition in its current form no longer serves the child's best interests."[7] *Kaeb*, 309 Mich App at 571-572.

Affirmed.

/s/ Thomas C. Cameron
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause

---

[7] The trial court did revise the RFR by ordering that a "parent offered the right of first refusal may not accept if that parent is working or will otherwise be away during the period offered." Defendant does not challenge this revision.