*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SETH CARTER,

       Plaintiff-Appellee,

v

SAFIYAH BASIR,

       Defendant-Appellant.

UNPUBLISHED
August 1, 2024

No. 368751
Washtenaw Circuit Court
LC No. 18-001348-DP

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

In this custody action, defendant, Safiyah Basir, appeals as of right the trial court order that granted defendant and plaintiff, Seth Carter: (1) joint legal custody, (2) joint physical custody, and (3) equal parenting time with their two minor children. We vacate and remand to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

The parties are unmarried and share twin children that were born in June 2018. Since the birth of their children, the parties have engaged in numerous custody, parenting-time, and child-support proceedings. Over time, multiple custody and parenting-time schedules have been ordered. The most recent custody order—before the order at issue—was from October 2019, and it granted: (1) defendant and plaintiff joint legal custody, (2) defendant sole physical custody, and (3) plaintiff parenting time. However, on November 2, 2023, the trial court changed the parties' physical custody *and* parenting-time frequency by granting joint physical custody and equal parenting time.

## II. PROPER CAUSE OR CHANGE OF CIRCUMSTANCES

Defendant argues that the trial court erred by failing to find that plaintiff had demonstrated proper cause or change in circumstances before modifying the children's custody order. We agree.

We apply three standards of review in custody cases. The great weight of the evidence standard applies to all findings of fact. A trial court's findings

-1-

regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law.

The trial court's determination whether a party has demonstrated proper cause or a change of circumstances is also reviewed under the great-weight-of-the-evidence standard. A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction.

Similarly, orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue. In child custody cases, [a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. [*Stoudemire v Thomas*, 344 Mich App 34, 42-43; 999 NW2d 43 (2022) (cleaned up).]

A trial court may modify or amend its previous orders or judgments regarding child custody "for proper cause shown or because of change of circumstances" if it is in the best interests of the child. MCL 722.27(1)(c). If the trial court determines that a proper cause or change in circumstances exists, then it must "determine whether there is an established custodial environment with one or both parents before making *any* custody determination." *Kessler v Kessler*, 295 Mich App 54, 61; 811 NW2d 39 (2011). "[A] party who seeks to change an established custodial environment of a child is required to show by clear and convincing evidence that the change is in the child's best interests." *Id*. However, if the proposed change does not alter the established custodial environment, then "the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests." *Shade v Wright*, 291 Mich App 17, 23; 805 NW2d 1 (2010). Before custody can be modified, even on a temporary basis, an evidentiary hearing is mandated, and

[r]egardless of whether a court is establishing custody in an original matter or altering a prior custody order, the trial court must determine whether the change of custody is in the children's best interests and, to that end, must make specific findings of fact regarding each of the 12 statutory best-interest factors. [*Johnson v Johnson*, 329 Mich App 110, 128-129; 940 NW2d 807 (2019).]

If a trial court improperly adjudicates a child custody dispute, and the impropriety is not harmless, the appropriate remedy is to remand for reevaluation or for a new child custody hearing. See *Rittershaus v Rittershaus*, 273 Mich App 462, 475-476; 730 NW2d 262 (2007). On remand, the trial court should consider up-to-date information, including the children's current and reasonable preferences and any other changes in circumstances arising since the original custody

order. *Pierron v Pierron*, 282 Mich App 222, 262; 765 NW2d 345 (2009) (*Pierron I*), aff'd 486 Mich 81 (2010).

## A. THRESHOLD TO REVISIT CUSTODY

In *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003), this Court emphasized that the proper cause or change of circumstances threshold must be met *before* the trial court could "consider whether an established custodial environment exists . . . and conduct a review of the best interest factors." This Court concluded:

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. [*Id*. at 512.]

> \* \* \*

> [T]o establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. [*Id*. at 513-514.]

Importantly, this Court concluded that an evidentiary hearing is not necessary to resolve the initial factual question whether proper cause or change in circumstances exist—"[o]ften times, the facts alleged to constitute proper cause or a change of circumstances will be undisputed, or the court can accept as true the facts allegedly comprising proper cause or a change of circumstances, and then decide if they are legally sufficient to satisfy the standard." *Id*. at 512.

## B. THRESHOLD TO REVISIT PARENTING TIME

In *Shade*, 291 Mich App at 22, this Court analyzed what constituted proper cause or change of circumstances sufficient to warrant a hearing to consider a change in parenting time. This Court concluded that the *Vodvarka* threshold should not apply to a request for a change in parenting time unless the change in parenting time results in a change in the established custodial environment. *Id.* at 25-27. Instead, this Court concluded and explained as follows:

> [A] more expansive definition of "proper cause" or "change of circumstances" is appropriate for determinations regarding parenting time when a modification in parenting time does not alter the established custodial environment.

> The *Vodvarka* definitions of "proper cause" and "change of circumstances" are inapplicable to this case, in part, because the rationale for imposing more

stringent constructions on the terms "proper cause" and "change of circumstances" with respect to custody determinations is far less applicable with respect to parenting time determinations. With respect to child custody disputes, "[t]he goal of MCL 722.27 is to minimize unwarranted and disruptive changes of custody orders, except under the most compelling circumstances." *Corporan v Henton*, 282 Mich App 599, 603; 766 NW2d 903 (2009). "Providing a stable environment for children that is free of unwarranted custody changes . . . is a paramount purpose of the Child Custody Act. . . ." *Vodvarka*, 259 Mich App at 511. Therefore, in the context of a child custody dispute, the purpose of the proper cause or change of circumstances requirement is "to 'erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders.' " *Id.* at 509, quoting *Heid v AAASulewski (After Remand)*, 209 Mich App 587, 593-594; 532 NW2d 205 (1995).

Such concerns do not exist, however, when a modification of parenting time does not alter the established custodial environment because determinations regarding child custody and parenting time serve different purposes. Whereas the primary concern in child custody determinations is the stability of the child's environment and avoidance of unwarranted and disruptive custody changes, the focus of parenting time is to foster a strong relationship between the child and the child's parents. . . . [*Shade*, 291 Mich App at 28.]

## C. ANALYSIS

Because the November 2023 order changed custody *and* the parenting-time frequency, we will analyze this case under the more stringent proper-cause-or-change-of-circumstances standard stated in *Vodvarka*.

Defendant repeatedly requested that plaintiff's custody and parenting time be reevaluated, suspended, or supervised because she believed that plaintiff was physically and emotionally abusive toward the children during his parenting time. Specifically, on June 13, 2023, defendant objected to the order denying her ex parte motion to change custody, arguing that "[a]ll parenting time with [plaintiff] be suspended or, in the alternative, supervised, due to danger and abuse to child in recent weeks." On August 9, 2023, the trial court referred defendant's objection to the Friend of the Court "for an evaluation and recommendation on the substantive issue as well as the preliminary issue of whether there is proper cause to reopen parenting time . . . ." The trial court reasoned that, if defendant's allegations were true, then "that would constitute a change in circumstances or sufficient cause to reopen these issues."

The trial court properly found that defendant presented sufficient evidence of proper cause and change of circumstances necessary to revisit custody because: (1) one of the best-interest factors, MCL 722.23(k), directly relates to domestic violence; (2) allegations of abuse could have a significant effect on the children's well-being; and (3) if true, such allegations would constitute a material change in the children's lives. See *Vodvarka*, 259 Mich App at 512-514. Therefore, the trial court clearly, and properly, made a threshold finding that, if the allegations of plaintiff's abusive behavior were true, then there would be proper cause or change in circumstances to revisit the issue of custody.

-4-

On the second day of the evidentiary hearing, plaintiff orally requested a change in parenting time.[1]  But the trial court did not make a second proper-cause-or-change-in-circumstances finding regarding plaintiff's oral request for equal parenting time.  This was error.  Moreover, the record in this case does not support the finding that proper cause existed to warrant a change of custody.  The threshold inquiry for a change in custody is whether the party seeking the modification has established, by a preponderance of the evidence, that proper cause or a change in circumstances exists to warrant a change in custody.  *Id*. at 509, 512.  In this case, defendant withheld visitation because she believed that plaintiff was abusing the children while they were in his care.  But a withholding of visitation, alone, is not enough to warrant a change in custody.  See *Maier v Maier*, 311 Mich App 218, 227; 874 NW2d 725 (2015).

Accordingly, we remand this matter for the trial court to make a separate proper-cause-or-change-in-circumstances finding.  On remand, the trial court should consider up-to-date information, including the children's current and reasonable preferences and any other changes in circumstances arising since the original custody order.  See *Pierron I*, 282 Mich App at 262.  If the trial court determines that plaintiff demonstrated proper cause or a change in circumstances, the trial court must reanalyze the best-interest factors with up-to-date information arising since the original custody order—including the new investigation by Children's Protective Services.  See *id*.

We vacate the trial court's order and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young

---

[1] Plaintiff did not request a change in custody.