*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CASSANDRA DAWN ROCK,

Plaintiff-Appellee,

v

DOMINICK WILLIAM ROCK,

Defendant-Appellant.

UNPUBLISHED
June 10, 2026
12:11 PM

No. 378131
Allegan Circuit Court
LC No. 2024-069838-DM

Before: REDFORD, P.J., and WALLACE and LIEVENSE, JJ.

PER CURIAM.

Defendant, Dominick William Rock, appeals as of right the trial court's divorce judgment granting physical custody of the parties' minor child, LR, to plaintiff, Cassandra Dawn Rock. We affirm.

## I. FACTS AND PROCEEDINGS

Plaintiff and defendant were married in 2016, and plaintiff filed for divorce in November 2024. Plaintiff gave birth to LR during the marriage, and plaintiff also had two other minor children from a previous relationship, DS and JS. Following a facilitative information gathering conference, the trial court entered a temporary custody and parenting-time order in May 2025 that gave plaintiff and defendant joint legal and physical custody of LR and equal parenting time every other week.

Defendant objected to the temporary order and also argued that plaintiff denied him his allotted parenting time. Defendant also asserted that plaintiff took the money out of their joint bank account so that he could not pay rent or other bills, plaintiff encouraged LR to call plaintiff's boyfriend her "new dad," and he argued that LR should not attend Wayland Union Schools because plaintiff moved to Hastings. Defendant also argued that there were problems with custody exchanges.

In August 2025, plaintiff moved ex parte to change custody of LR, arguing that defendant threatened to damage her property and threatened that he would pick up LR from school and not return her to plaintiff. Plaintiff further argued that criminal charges were pending against

defendant because he gave alcoholic drinks to plaintiff's 16-year-old daughter JS on various occasions, went to JS's room while naked and asked her to "rate" his private parts, and lied on JS's bed naked while asking her not to tell anyone about his conduct. According to plaintiff, she was concerned about LR's exposure to defendant's behavior as well as her safety because of this conduct. Plaintiff further alleged that defendant: hit and yelled at LR when she referred to plaintiff's boyfriend, drank alcohol and took drugs in front of LR, and drove a motor vehicle after drinking.

The trial court did not alter the temporary custody order following the parties' motions but conducted a divorce trial in October 2025, at which neither party was represented by counsel. Both parties testified at trial, and defendant confirmed that he was awaiting trial in Allegan Circuit Court on criminal charges of aggravated indecent exposure and contributing to the delinquency of a child for his conduct involving JS. Following the close of proofs, the trial court granted the parties' divorce, made findings of fact under the best-interest factors in MCL 722.23, and awarded the parties joint legal custody of LR and physical custody to plaintiff. The trial court also ruled that LR should attend school in Hastings where plaintiff lived and that, until defendant's criminal charges were resolved, he could have supervised parenting time with LR. This appeal followed.

## II. PARENTING TIME

Defendant argues that the trial court erred by decreasing his parenting time with LR and requiring that it be supervised. We disagree.

Our Court set forth the standard of review for child custody orders as follows in *Brown v Brown*, 332 Mich App 1, 8-9; 955 NW2d 515 (2020):

> In matters involving child custody, " 'all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' " *Yachcik v Yachcik*, 319 Mich App 24, 31; 900 NW2d 113 (2017), quoting MCL 722.28. This Court will not interfere with the trial court's factual findings "unless the facts clearly preponderate in the opposite direction." *Shade v Wright*, 291 Mich App 17, 21; 805 NW2d 1 (2010). Discretionary rulings, including a trial court's decision to change custody, are reviewed for an abuse of discretion. *Lieberman v Orr*, 319 Mich App 68, 77; 900 NW2d 130 (2017). In child custody cases specifically, an "abuse of discretion" retains the historic standard under which the trial court's decision must be "palpably and grossly violative of fact and logic." *Moote v Moote*, 329 Mich App 474, 477-478, 478 n 2; 942 NW2d 660 (2019) (quotation marks and citation omitted). Clear legal error occurs when the trial court "incorrectly chooses, interprets, or applies the law." *Sulaica v Rometty*, 308 Mich App 568, 577; 866 NW2d 838 (2014). This Court reviews the trial court's determination regarding a child's best interests for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). This Court gives deference to the trial court's factual judgments and special deference to the trial court's credibility assessments. *Moote*, 329 Mich App at 478.

"The Child Custody Act (CCA), MCL 722.21 *et seq*., governs custody, parenting time, and child support issues for minor children in Michigan, and it is the exclusive means of pursuing child custody rights." *Barretta v Zhitkov*, 348 Mich App 539, 550; 19 NW3d 420 (2023) (quotation marks and citation omitted). A trial court may modify a custody or parenting-time order if a party shows a change of circumstances or proper cause by a preponderance of the evidence under MCL 722.27(1)(c). *Id*. at 551-552. The trial court must then determine whether, under the facts of the case, a custodial environment has been established. *Id*. at 552. If a parenting-time change will alter the child's established custodial environment, then there must be "one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Vodvarka v Grasmeyer*, 259 Mich App 499, 511; 675 NW2d 847 (2003). A trial court need not necessarily conduct an evidentiary hearing to determine whether proper cause or a change of circumstances warrants the modification of a previous custody or parenting-time order, but it must hold an evidentiary hearing determining the child's best interests if a decision to modify parenting time will alter a child's custody, even if that modification is temporary. *Barretta*, 348 Mich App at 556. "To determine a child's best interests, the trial court is required to consider the 12 best-interest factors found in MCL 722.23 and to apply the appropriate standard of proof." *Kuebler v Kuebler*, 346 Mich App 633, 671; 13 NW3d 339 (2023).

Following the close of proofs at the divorce trial, the trial court ruled that it was necessary to revisit custody and parenting time in light of defendant's criminal charges involving another minor child in the household, JS. The trial court also ruled that evidence showed that LR had an established custodial environment with both parents.

Defendant takes the position that the trial court did not conduct a sufficient evidentiary hearing to change his parenting time and takes issue with the trial court's reliance on testimony elicited at the divorce trial. But live testimony is the kind of admissible evidence that the trial court may consider to make findings of fact in a custody proceeding. *Mann v Mann*, 190 Mich App 526, 533; 476 NW2d 439 (1991). Defendant also argues that the trial court made no findings about LR's best interests under either MCL 722.23 or MCL 722.27a(7). Defendant's assertion is contradicted by the trial transcript, which demonstrates that it went through the best-interest factors under MCL 722.23 in detail and on the record.

Although defendant also claims error in the trial court's failure to consider the parenting-time factors in MCL 722.27a(7), the statute provides that a trial "court *may* consider" the parenting time factors when it decides "the frequency, duration, and type of parenting time . . . ." (Emphasis added.) Our Legislature's use of the word "may" is permissive and not compulsory. *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008). A trial court's failure to explicitly state that it considered the parenting-time factors in MCL 722.27a(6), now codified as MCL 722.27a(7), does not constitute clear error when a trial court considers the child's best interests on the record, and when deciding parenting time, a trial court may make findings on contested issues alone. *Shade*, 291 Mich App at 31-32.

Because the trial court's custody and parenting-time decisions altered LR's established custodial environment with both parents, the trial court had to find by clear and convincing evidence that the changes were in LR's best interests under MCL 722.23. See *Kuebler*, 346 Mich App at 670-671. Neither party was represented by counsel at the divorce trial, so the trial court

asked plaintiff and defendant various questions about LR, their living situations, their relationships, circumstances surrounding parenting time, issues related to alcohol and drug use, domestic violence, criminal history, and the criminal charges pending against defendant. The trial court also gave the parties an opportunity to question one another, to present evidence, and to make arguments on the record.

Neither party presented documentary evidence, exhibits, or testimony of other witnesses to support their positions at the divorce trial, so the trial court only had their testimonies on which to decide the case. The trial court found plaintiff's testimony more credible on various issues and also found that some of the best-interest factors weighed in her favor for purposes of its custody and parenting-time decisions. "We defer to the trial court's credibility determinations, and the trial court has discretion to accord differing weight to the best-interest factors." *Kessler v Kessler*, 295 Mich App 54, 64; 811 NW2d 39 (2011) (quotation marks and citation omitted). Considering plaintiff's testimony about defendant's criminal charges, his history of emotionally abusive and threatening behavior, his use of alcohol and drugs, and his anger toward LR when she referred to plaintiff's boyfriend, we do not find that the trial court's findings of fact were contrary to the great weight of the evidence, that it abused its discretion, or that it made a clear legal error on a major issue. See *Brown*, 332 Mich App at 8-9.

The trial court discussed defendant's criminal charges involving JS under best interest factor (f): "[t]he moral fitness of the parties involved." MCL 722.23(f). At that time, the trial court expressed its concerns about a serious risk of harm to LR because of defendant's conduct. MCL 722.27a(3). The trial court asked defendant about his understanding of the charges, and he said they were "completely false allegations." When asked what happened, defendant replied, "Supposedly, I was walking around the house naked, drunk, and I'm not a—and I don't drink at all." When the trial court asked plaintiff about the charges, she testified that JS reported to her and to Safe Harbor Children's Advocacy Center that defendant gave her alcohol on various occasions, and, contrary to defendant's assertions, the charge of aggravated indecent exposure involved more than defendant walking around the house naked and she again asserted that he lay on JS's bed naked.

The trial court confirmed with defendant that he was bound over to Allegan Circuit Court after waiving his preliminary examination. The trial court further observed that, at that point, there was probable cause that aggravated indecent exposure and contributing to the delinquency of a child occurred and that defendant committed those crimes. The trial court expressed concern about the seriousness of the charges involving another minor child in the household and ruled that, until the charges were resolved, there remained a serious risk of harm to LR.

The trial court also weighed factor (d), "[t]he length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity," in plaintiff's favor, MCL 722.23(d). The trial court concluded that plaintiff lived in her Hastings home for a longer time and was in a stable relationship. Under factor (j), MCL 722.23(j), the trial court concluded that the parties were willing to encourage a relationship with the other parent. But the court was uncomfortable moving forward with regard to encouraging the relationship between defendant and LR until defendant's criminal case resolved, in light of the serious criminal charges against him. The trial court also found plaintiff's testimony credible regarding defendant's mental and

emotional abuse and threats and concluded that plaintiff was favored under factor (k), which concerns domestic violence. MCL 722.23(k).

On the basis of its findings, the trial court concluded that, until there was a resolution to the criminal charges against defendant regarding his conduct with a minor child, he should have supervised parenting time with LR each week as the parties agreed. If the parties could not agree, then the trial court ordered that defendant should have supervised parenting time with LR for two hours each Saturday.

The record reflects that the trial court conducted a trial at which both parties had the opportunity to present evidence and arguments about custody and parenting time. The record does not establish that the trial court made findings of fact against the great weight of the evidence because the evidence did not clearly preponderate in the opposite direction. See *Shade*, 291 Mich App at 21. As discussed, we defer to the trial court's factual judgments, and we give special deference to the trial court's credibility assessments. *Moote*, 329 Mich App at 478.

Defendant also argues that the trial court erred by ruling that his parenting time should be supervised. But MCL 722.27a(9) states that a trial court may place "reasonable terms or conditions" on parenting time including "(f) Requirements that parenting time occur in the presence of a third person or agency." MCL 722.27a(9) does not require a particular showing or burden of proof for the trial court to exercise its discretion in this regard, so no error occurred. Because the trial court did not make findings of fact against the great weight of the evidence, abuse its discretion, or make a clear legal error on a major issue, we affirm the trial court's ruling. See MCL 722.28; *Yachcik*, 319 Mich App at 31.[1]

### III. SCHOOL DISTRICT CHANGE

Defendant next contends that the trial court erred by allowing LR to change school districts from Wayland to Hastings. Again, we disagree.

Defendant argues that the trial court did not state during the divorce trial that LR should change school districts, and it was therefore impermissible for the trial court to include that ruling in the divorce judgment. Defendant asserts that this holding violated MCR 2.517(A)(1), which states that, "[i]n actions tried on the facts without a jury or with an advisory jury, the court shall find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment." In custody cases, MCR 2.517(A)(1) through (3) minimally require the trial court to state its findings of fact and conclusions under each best-interest factor to the extent that the record is "sufficient for this Court to determine whether the evidence clearly preponderates against the trial court's findings." *Rittershaus v Rittershaus*, 273 Mich App 462, 475; 730 NW2d 262 (2007) (quotation marks and citations omitted). As discussed, the trial court considered the evidence presented and made findings under the best-interest factors, which was a sufficient record for this

---

[1] We reject defendant's argument that the trial court erred by specifying that plaintiff must supervise his parenting time because the trial court did not make that ruling.

Court's review of the divorce judgment.[2]  Again, it is well settled that "a court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 679; 765 NW2d 44 (2009).[3]

The trial court's ruling logically followed its grant of physical custody of LR to plaintiff because plaintiff lived in Hastings.  Notably, defendant took the position that LR should not attend school in Wayland in his objection to the Friend of the Court's recommended order, which was one of the issues the trial court stated that it would consider at trial along with other matters related to the divorce and custody.  As defendant argued before the divorce trial, it was impractical for LR to attend school in Wayland when plaintiff lived in Hastings, defendant had trouble affording appropriate housing in Wayland, and it was a longer drive for plaintiff to pick up LR or drop her off at school in Wayland.  So at least to that extent, defendant was aware of the practical difficulties of LR attending school in a different district than where plaintiff lived.

But defendant apparently changed his position on this issue at the divorce trial and testified that he preferred that LR stay at a school in Wayland where she was enrolled in kindergarten.  Although defendant argues that he lacked notice or an opportunity to be heard on the issue of LR's school, this position is not supported by the record.  Because defendant challenged the location of LR's school in his objection, he had notice that it would be an issue at trial, which was the time at which the trial court stated that it would address the issue.  Further, the record reflects that the trial court asked both plaintiff and defendant to testify about their preferred school district for LR and they both offered their opinions and supporting reasons for their opinions.  The trial court also gave defendant the opportunity to cross-examine plaintiff and to present additional evidence or arguments on any issue.  For those reasons, defendant's argument that he lacked notice or an opportunity to be heard on the issue is without merit.

Defendant asserts that the trial court's ruling violated this Court's ruling in *Pierron v Pierron*, 282 Mich App 222; 765 NW2d 345 (2009), because the trial court did not follow its legal framework.  Unlike in *Pierron*, however, no separate evidentiary hearing was required in this case because the parties had the opportunity to introduce evidence on the issue at trial.  Also, in contrast to *Pierron*, defendant makes no argument that LR's school change would impact his parenting time with LR, which was decided on a temporary basis because of the criminal charges related to his conduct toward another child in the household.

But defendant maintains that the trial court should have considered the educational opportunities in each school district, the quality of each school, services offered, class sizes, distance, and LR's need for individual services.  The Court in *Pierron* considered some of those

---

[2] Defendant cites *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 583; 640 NW2d 321 (2001), for the proposition that a trial "court must articulate findings to permit review," but *Armstrong* did not involve custody or parenting-time issues, and the cited page does not support this statement, but rather, sets forth grounds for summary disposition under court rules that do not apply to this case.

[3] To the extent that defendant argues that the trial court limited his parenting time in the judgment, the trial court discussed that issue at length on the record.

issues when a school change was raised several years after the parents' divorce and the parties could not agree on the issue when they shared joint legal custody of the children. *Id*. at 253-262. Unlike the children in *Pierron*, LR did not attend Wayland schools for several years before a change was sought, and considering her young age, LR's history with any school was brief. Further, in this case, the trial court heard testimony offered by both parties about LR and her schooling, and it apparently determined plaintiff's testimony to be more credible that LR should attend school in Hastings and that the school had services for LR. The trial court also found in favor of plaintiff on the best-interest factors and logically concluded that LR should be permitted to attend school where plaintiff would have physical custody of her.

Defendant has not shown that the trial court's decision was "palpably and grossly violative of fact and logic," *Moote*, 329 Mich App at 477-478, or that the trial court's findings were against the great weight of the evidence or founded on a clear legal error, see *Brown*, 332 Mich App at 8. For those reasons, we affirm the trial court's judgment on this issue.[4]

## IV.  RULINGS ON MOTIONS

Defendant claims that the trial court did not rule on motions related to plaintiff's denial of his parenting time and her failure to abide by the May 2025 temporary parenting-time order before entering the divorce judgment. However, the record reflects that, following a hearing before a referee, the trial court signed and entered the referee's recommendation and order regarding those motions on October 9, 2025.

Defendant also argues that the trial court failed to rule on his "motion objecting to [p]laintiff's ex parte filings." On November 3, 2025, plaintiff moved ex parte for an order that defendant return LR to her custody, arguing that, on the day the trial court entered the divorce judgment, October 31, 2025, defendant took LR out of school early and refused to return her to plaintiff's custody, notwithstanding that the trial court ordered that defendant only have supervised parenting time with LR. The trial court granted plaintiff's motion and, thereafter, on November 20, 2025, defendant moved to modify or rescind the trial court's ex parte order, arguing that the trial court did not consider *his* various motions to reconsider or stay the divorce judgment. Defendant's motion failed to recognize that the trial court had already denied defendant's numerous motions

---

[4] Defendant argues that, at the divorce trial, the trial court erroneously stated that it did not receive a witness or exhibit list from either party. Defendant immediately corrected the trial court but then said that none of his witnesses were available to appear for the adjourned trial date. The trial court then gave defendant the opportunity to present any additional evidence that he wanted the trial court to consider before it entered its judgment, and defendant said that he had nothing to add. It was defendant's decision whether to introduce his exhibits, and he chose not to do so. We must affirm the trial court's judgment unless the trial court made a clear legal error on a major issue, and defendant has not shown that the trial court prohibited him from presenting any evidence. See *Yachcik*, 319 Mich App at 31, citing MCL 722.28.

on November 3 and 4, 2025. Defendant has shown no error in the trial court's grant of plaintiff's motion and order that he comply with the terms of the divorce judgment.[5]

## V. JUDICIAL BIAS

Defendant maintains that the trial court was biased against him and in favor of plaintiff. Again, we disagree.

Although defendant filed two motions to disqualify the trial court because of allegations of judicial bias in the months preceding the divorce trial, he does not appeal the denial of those motions, and his argument on appeal relates to the trial court's treatment of the parties at trial. Defendant did not assert a claim of judicial bias at or after the divorce trial, so this issue is not preserved for appeal. See *Marik v Marik*, 325 Mich App 353, 358; 925 NW2d 885 (2018).

Unpreserved issues in child custody cases are reviewed under the plain-error rule. *Quint v Quint*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368002); slip op at 7. As such, defendant had to establish the following elements to show plain error:

> 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) the plain error affected substantial rights, and 4) once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted when the plain, forfeited error seriously affected the fairness, integrity or public reputation of judicial proceedings. [*Id.* (quotation marks and citation omitted).]

We assess a claim of judicial bias as follows:

> "Due process requires that an unbiased and impartial decision-maker hear and decide a case." *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). However, "[a] trial judge is presumed unbiased, and the party asserting otherwise has the heavy burden of overcoming the presumption." *Id.*; see also *Cain v Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996). Grounds for disqualification are set forth in MCR 2.003(C), which provides in relevant part:
>
>> (1) Disqualification of a judge is warranted for reasons that include, but are not limited to, the following:

---

[5] Defendant argues that the trial court erred by ordering that plaintiff supervise defendant's parenting time, but that was not explicitly stated in the divorce judgment. Contrary to defendant's argument, MCL 722.27a(10) refers to parenting time in other countries and does not apply to this case. Pursuant to MCL 722.27a(9), the trial court could have ruled that plaintiff supervise defendant's parenting time if appropriate and, if defendant did not believe that plaintiff's supervision was appropriate, he could seek a ruling in the trial court to designate another person or agency to provide supervision under the statute.

(a) The judge is biased or prejudiced for or against a party or attorney.

(b) The judge, based on objective and reasonable perceptions, has either (*i*) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, [556 US 868]; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (*ii*) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.

Under MCR 2.003(C)(1)(a), a judge must be disqualified from hearing a case in which he or she cannot act impartially or is biased against a party. "[J]udicial rulings, in and of themselves, almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion displays a 'deep-seated favoritism or antagonism that would make fair judgment impossible and overcomes a heavy presumption of judicial impartiality.' " *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 597; 640 NW2d 321 (2001), quoting *Cain*, 451 Mich at 496 (quotation marks and citation omitted). In fact, "a trial judge's remarks made during trial, which are critical of or hostile to counsel, the parties, or their cases, ordinarily do not establish disqualifying bias." *In re MKK*, 286 Mich App [546,] 567[; 781 NW2d 132 (2009)]. Under MCR 2.003(C)(1)(b), the test for determining whether there is an appearance of impropriety is " 'whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired.' " *People v Aceval*, 486 Mich 887, 889; 781 NW2d 779 (2010) (statement by Hathaway, J.[)], quoting *Caperton*, 556 US at 888. [*Kern v Kern-Koskela*, 320 Mich App 212, 231-232; 905 NW2d 453 (2017) (brackets omitted in *Kern*'s quotation of MCR 2.003(C)(1)(b) restored).]

Defendant maintains that the trial court exhibited bias against him by asking him questions about the criminal case involving JS even though there was no risk of harm to LR.[6] He also argues that the trial court exhibited bias in favor of plaintiff by accepting her assertions "without corroboration."

Although defendant characterizes the trial court's questions about his criminal conduct as extensive and asserts that the trial court applied "heightened scrutiny" to his statements, the record does not support that assertion. The trial court asked if defendant had a pending criminal case, and defendant confirmed that he was charged with aggravated indecent exposure and contributing to the delinquency of a child and that the case was pending trial in circuit court. But when the trial court asked about his understanding of the basis for the allegations against him, defendant twice simply answered that the allegations were false. The trial court continued to question defendant

---

[6] Defendant also cites the trial court's assertion that he did not file a witness or exhibit list as another example of the trial court's bias against him, but the record reflects that the trial court stated that neither party filed witness or exhibit lists. As discussed earlier, the trial court did not prevent defendant from presenting any evidence at trial and, to the contrary, invited him to do so.

about the underlying facts until he testified that he was alleged to have given alcohol to JS and walking around the house while naked.

The trial court did not question defendant at length about the charges but merely sought to understand the facts underlying them because they involved conduct toward another minor in the household. Although defendant claims that the allegations had nothing to do with LR's safety, the trial court did not err by holding otherwise. As the trial court correctly ruled, although LR was not the minor child involved in the criminal incident, criminal conduct including aggravated indecent exposure occurring to another child in the house posed a risk of harm to LR.

Defendant contends that, in contrast to the manner in which the trial court questioned him, the trial court accepted plaintiff's assertions as true, but a trial court's finding that one witness is more credible than another does not itself establish bias. See *Kern*, 320 Mich App at 231-232. Defendant suggests that the trial court should have found plaintiff to be less credible because she admitted that she prevented defendant from exercising parenting time with LR.[7] As discussed, however, the trial court ultimately ruled that, although this was a violation of the court's temporary custody and parenting-time order, it would not sanction plaintiff for her conduct because law enforcement advised her not to allow defendant to have contact with LR during the criminal investigation. Nothing in the trial court's questioning or comments suggests that the court was in any way biased in favor of plaintiff or against defendant.

Affirmed.

/s/ James Robert Redford
/s/ Randy J. Wallace
/s/ Andrew J. Lievense

---

[7] Defendant maintains that plaintiff also interfered with "school communication," but that claim appears to have arisen after the trial and judgment at issue in this appeal.